# EXHIBIT A

# EXHIBIT A

**Case No.:  2:09-CV-01101**

COPY

**COMP**

Mark R. Thierman, NSB 8285
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500

Leon Greenberg, NSB 8094
A Professional Corporation
633 South 4th Street - Suite 4
Las Vegas, Nevada 89101
Telephone (702) 383-6085

Attorneys for Plaintiffs

FILED

APR 15  2 22 PM '09

CLERK OF

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| RICK BRUNTON and MICHAEL LEBER individually and on behalf of all others similarly situated, ) ) ) ) | Case No.: A587844 |
| | Dept. No.: VII |
| Plaintiffs, ) ) ) | |
| v. ) ) | |
| STARPOINT RESORT GROUP, INC. and GEOHOLIDAY DEVELOPMENT, LLC, and "John Does", name fictitious, actual name and number unknown, ) ) ) ) ) ) | |
| Defendants. ) ) ) ) ) ) ) ) ) ) ) | ARBITRATION EXEMPTION CLAIMED BECAUSE THIS IS A CLASS ACTION CASE |

CLASS ACTION COMPLAINT FOR
VIOLATION OF STATE AND FEDERAL LABOR LAWS

Now comes Plaintiffs, for themselves and all others similarly

situated, and allege the following upon personal knowledge as to

themselves and their own acts, and upon information and belief as

to all other matters:

1

JURISDICTION AND VENUE

1.    This Court has jurisdiction pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), which provides, "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer…in any federal or state court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."  Consent to sue forms have been or are being filed with this Court.

2.    Venue is proper in the District Court of Nevada, Eighth Judicial District, because defendants conduct business in Clark County Nevada, Plaintiffs reside in Clark County, Nevada, Plaintiffs worked for defendant in Las Vegas, and many of the acts complained of herein happened in or around Las Vegas.

**BACKGROUND AND PARTIES**

3.    Plaintiffs RICK BRUNTON and MICHAEL LEBER, (the "individual plaintiffs"), on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by their undersigned attorneys, bring this action against defendants STARPOINT RESORT GROUP, INC. and GEOHOLIDAY DEVELOPMENT, LLC, (the "named defendants") and "John Does", name fictitious, actual name and number unknown.

4.    The defendants "John Doe" entities 1 to 25 are named fictitiously and their exact legal names and the number of such defendants are unknown (the "John Doe Defendants").  Such defendants are legal entities or natural persons that are, for the purposes of this litigation, joint employers of the plaintiffs along

2

1   with STARPOINT RESORT GROUP, INC. and GEOHOLIDAY DEVELOPMENT, LLC.

2   and are alleged to be liable to the plaintiff in the same fashion as

3   the identified defendants, and such "John Doe" defendants shall be

4   precisely identified and named in this case at a later date when

5   sufficient information as to the same becomes available to the

6   plaintiffs.

7       5.   The identified defendants are corporations or other

8   business entities that are formed pursuant to the laws of the State

9   of Nevada or another jurisdiction and are currently conducting

10  business in the State of Nevada.

11      6.   The defendants are engaged in the sale, creation,

12  development and management of timeshare properties in Nevada, Utah

13  and Washington State.

14      7.   The defendants derive over $10 million per year of revenue

15  from the developing, marketing, management and sales of fractional

16  interests in "time-share" condominiums and resorts.

17      8.   Less than fifty (50) percent of the defendants' dollar

18  volume of sales is made within any one state in which any of its

19  establishments are located, such that the defendants are not

20  primarily engaged in selling to or serving customers within this or

21  any other single State.

22      9.   The individual plaintiffs were employed as salespersons in

23  the defendants Las Vegas, Nevada time share sales business during

24  the three years immediately preceding the filing of this lawsuit.

25  The defendants paid the individual plaintiffs and all other sales

26  persons on a commission-only basis.

27      10.  Upon information and belief, the defendants employed

28

1  hundreds of such inside sales persons within the United States on a

2  commission only basis within the last three years.

3       11.   The individual plaintiffs seek certification of this case

4  as a collective action of all salespersons who worked for the

5  defendants within the last three (3) years immediately preceding

6  September 11, 2008, pursuant to 29 U.S.C. §216(b) and the prior

7  agreement of the parties.

8       **FACTUAL ALLEGATIONS**

9       12.   The defendants employ salespersons like the individual

10 plaintiffs who either work on defendants' premises selling time

11 share (fractional real estate) interests or getting prospective

12 customers to take tours (participate in sales presentations) of time

13 share properties, all such salespersons being paid solely or

14 partially on a commission basis.

15      13.   The defendants' various nominally separate legal entities

16 are, for the purposes of the Fair Labor Standards Act and the other

17 claims made herein, a common or joint enterprise or partnership that

18 is collectively, jointly and severally liable to all of the putative

19 plaintiffs described herein, and to the extent the defendants

20 includes natural persons such persons are alleged to be "employers"

21 as well within the meaning of the Fair Labor Standards Act and other

22 applicable statutes that are alleged herein.

23      14.   The defendants pay their sales force on commission-only or

24 partial commission compensation basis.  The total amount of their

25 pay does not depend upon the number of hours they worked in a given

26 workweek, but upon the number of timeshare sales they make or

27 customers they persuade to take timeshare tours.  They do not

28

                                    4

1  receive any guaranteed pay per workweek and/or any guaranteed

2  minimum hourly wage and/or any overtime pay.  Defendants'

3  salespersons regularly work in excess of forty (40) hours per week.

4      15.  Defendants, which are in the business of selling real

5  estate, are not engaged in an industry having a "retail concept" as

6  that term is defined by the United States Department of Labor at

7  Subpart D of Part 779 of Title 29 of the Code of Federal

8  Regulations.

9      **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

10     16.  Pursuant to Section 16(b) of the FLSA, the individual

11 plaintiffs bring this Complaint as a collective action (also

12 commonly referred to as an "opt-in" class), on behalf of themselves

13 and all persons similarly situated within the class of salespersons

14 employed by the Defendants within three (3) years prior to September

15 11, 2008 until entry of judgment after trial.

16     17.  In respect to the Nevada statutory claims set forth in the

17 Second and Third Claims for relief, and the breach of contract

18 claims set forth in the Fourth Claim for relief, the individual

19 plaintiffs bring this action as a class action pursuant to N.R.C.P

20 Rule 23 on behalf of themselves and a subclass (the "Nevada

21 Subclass") of all similarly situated salespersons employed by the

22 Defendants in the State of Nevada and/or a class of all similarly

23 situated salespersons employed by the Defendants in the United

24 States who sustained damages from defendants' breach of its

25 contracts with its salespersons within three (3) years or six (6)

26 years or such other applicable statute of limitations of the filing

27 of this Complaint until entry of judgment after trial.

28

18.   Plaintiffs are informed and believe, and based thereon allege that there are at least 1000 putative class members nationwide and over 500 Nevada Subclass members.   The actual number of class and subclass members is readily ascertainable by a review of the Defendants' records through appropriate discovery.

19.   The number of class members is so numerous that joinder is impracticable and would involve hundreds or thousands of actions. Disposition of these claims in a class and/or collective action rather than in individual actions will benefit the parties and the Court.

20.   There is a well-defined community of interest in the questions of law and fact affecting the class and the Nevada Subclass as a whole.

21.   Proof of a common or single set of facts will establish the right of each member of all subclasses to recover.   These common questions of law and fact predominate over questions that affect only individual class members.   The individual plaintiffs' claims are typical of those of the class and the Nevada Subclass.

22.   A class or collective action is superior to other available methods for the fair and efficient adjudication of the controversy.   Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class action.   This type of case is uniquely well-suited for class or collective treatment since (1) the employer's practices were uniform; (2) the burden is on the employer to prove any exemption, and (3) the burden is on the employer to disprove the hours of overtime claimed by the employees.

23.   The individual plaintiffs will fairly and adequately represent the interests of the class and the Nevada Subclass, and have no interests that conflict with or are antagonistic to the interests of the class or the Nevada Subclass.

24.   The individual plaintiffs and their counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

25.   There is no plain, speedy, or adequate remedy other than by maintenance of this class action.  The prosecution of individual remedies by members of the class will tend to establish inconsistent standards of conduct for the defendant and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

**FIRST CLAIM FOR RELIEF UNDER THE FAIR LABOR STANDARDS ACT**

26.   The individual plaintiffs repeat the allegations set forth in paragraphs 1 through 25 as if each were separately and completely set forth herein.

27.   The defendants are in the business of developing and marketing time-share condominiums and resorts.  The Defendants includes real estate companies required to be licensed by the Real Estate licensing authorities in the states in which it does business and many, most, or all of the inside sales persons within the overtime class described above are required to be licensed by the states in which they conduct business.

28.   The Fair Labor Standards Act, 29 U.S.C. § 207(a)(1) provides, in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees, who in any workweek is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29.   There is an exemption from overtime compensation for inside salespersons employed by a retail establishment who are paid on a commission basis.  Specifically, the relevant portion of the FLSA provides:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee *of a retail or service establishment* for a workweek in excess of the applicable workweek specified therein, if: (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title; and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. [Emphasis added.]

30.   The United States Code, 29 U.S.C. § 213(a)(2), defines the term "retail or service establishment" as an establishment 75 per cent of whose annual dollar volume of sales of goods or services (or of both) is not for resale and is recognized as retail sales or services in the particular industry.

31.   The United States Department of Labor has defined the term "retail or service establishment" and recognized as retail sales or services in the particular industry at Subpart D of Part 779 of Title 29 of the Code of Federal Regulations.

32.   The business "of developing and marketing time-share condominiums and resorts" is not a retail business as that term is defined by the United States Department of Labor at Subpart D of Part 779 of Title 29 of the Code of Federal Regulations.

33.   Specifically, at 29 CFR 779.317, the United States Secretary of Labor has concluded that "real estate companies" do not have a "retail concept" and the sales people they employ are not exempt from overtime pursuant to 29 U.S.C. § 207(i).

34.   By their conduct, as set forth herein, defendants violated 29 U.S.C. §207(a) by failing to pay the FLSA Class time and one-half their regular hourly rates for hours worked in excess of forty (40) hours during a workweek and at certain times violated 29 U.S.C. § 206 by failing to pay a minimum wage to employees during certain weeks of employment.

35.   As a result of the unlawful acts of defendants, the individual plaintiffs and the Plaintiff class members have been deprived of overtime pay and/or minimum wages in amounts to be proven at trial.

36.   At all relevant times, the Defendants were aware of the duties performed by the individual plaintiffs and the FLSA Class and were also fully aware that the duties of the individual plaintiffs and the FLSA Class Members were inconsistent with exempt status, and that such persons were and are not exempt from the overtime provisions of the FLSA.

37.   Defendants' violations of 29 U.S.C. §207(a) and 29 U.S.C. § 206 were repeated, willful and intentional.

38.   The individual plaintiffs, on behalf of themselves and all of the FLSA class members who choose to join this action by filing written consents to joinder with the Court, demand judgment against defendants for the unpaid balance of overtime compensation and/or minimum wages, plus an equal amount as liquidated damages, along

1   with reasonable attorneys' fees and costs of suit, and such other

2   relief as the court deems proper and just.

3   **SECOND CLAIM FOR RELIEF UNDER NEVADA'S LABOR LAWS**

4       39.   The individual plaintiffs repeat the allegations set forth

5   in paragraphs 1 through 38 as if each were separately and completely

6   set forth herein.

7       40.   The individual plaintiffs bring this Second Claim for

8   Relief against the defendants under NRS § 608.250, for non-payment

9   of minimum wages, NRS § 608.018, for non-payment of overtime wages

10  and NRS § 608.019, for payment of unpaid rest periods, on behalf of

11  themselves and the Nevada Subclass members.

12      41.   Pursuant to NRS § 608.250, the plaintiffs were entitled

13  to an hourly minimum wage and pursuant to NRS § 608.018 they were

14  also entitled to the payment of wages at time and one-half their

15  normal hourly rate when they worked in excess of 8 hours a day or 40

16  hours a week, and the plaintiffs were not paid such required wages.

17      42.   Pursuant to NRS § 608.019 the plaintiffs were entitled to

18  paid rest time equal to 10 minutes for every 4 hours of work or

19  major fraction thereof each day and the defendants failed to provide

20  the paid rest time required by such statute.

21      43.   The individual plaintiffs on behalf of themselves and

22  the Nevada Subclass members, seek, on this Second Claim for Relief,

23  a judgment against defendants for unpaid wages and compensation

24  and/or minimum wages and/or overtime wages and unpaid rest time,

25  such sums to be determined based upon an accounting of the hours

26  worked by, and wages actually paid to, the plaintiffs, and also seek

27  an award of attorney's fees, interest and costs, as provided for by

28

1  Nevada Law.

2   **THIRD CLAIM FOR RELIEF UNDER N.R.S. § 608.040**

3      44.   The individual plaintiffs repeat the allegations set forth

4  in paragraphs 1 through 43 as if each were separately and completely

5  set forth herein.

6      45.   The individual plaintiffs bring this Third Claim for

7  Relief pursuant to Nevada Revised Statutes § 608.040.

8      46.   The individual plaintiffs, and numerous members of the

9  Nevada Subclass, prior to the initiation of this litigation, were

10 discharged or resigned from their employment with the defendants and

11 at the time of such discharge or resignation were owed unpaid wages

12 by the defendants.

13     47.   The defendants have failed and refused to pay such

14 individual plaintiffs and numerous members of the Nevada Subclass

15 their earned but unpaid wages, such conduct by the defendants

16 constituting a violation of N.R.S. § 608.020, or § 608.030 and

17 giving rise to a claim under N.R.S. § 608.040.

18     48.   As a result of the foregoing the individual plaintiffs

19 seek on behalf of themselves and numerous similarly situated members

20 of the Nevada Subclass, a judgment against the defendants for the

21 penalty prescribed by Nevada Revised Statutes § 608.040, to wit, for

22 a sum equal to up to thirty days wages, along with interest, costs

23 and attorney's fees.

24   **FOURTH CLAIM FOR RELIEF FOR BREACH OF CONTRACT**

25     49.   The individual plaintiffs repeat the allegations set forth

26 in paragraphs 1 through 48 as if each were separately and completely

27 set forth herein.

28

                                    11

50.   That pursuant to a written contract or series of written contracts the defendants promised to pay the individual plaintiffs and the members of the plaintiff class certain commissions in exchange for their work as salespersons for the defendant.

51.   The defendants breached the aforesaid contracts in that pursuant to such contracts, the individual plaintiffs and the members of the plaintiff class should have received certain commissions which the defendants failed to pay the individual plaintiffs and the members of the plaintiff class.

52.   Upon information and belief, the aforesaid contracts were uniform within the United States and all subject to the same governing law, or if they were not, then the contracts used by the Nevada Subclass and persons similarly situated to the individual plaintiffs were uniform.

53.   On this Fourth Cause of action for breach of contract the individual plaintiffs seek class certification, either on behalf of all commissioned timeshare salespersons of the defendants nationwide or only on behalf of the Nevada subclass.

54.   As a result of the foregoing the individual plaintiffs seek on behalf of themselves and numerous similarly situated members of the Nevada Subclass or a class of all of defendants' commissioned timeshare salespersons in the United States, a judgment against the defendants for the sums of money owed to such persons as a result of the defendants' breach of its written contracts to pay such persons commissions, along with interest, costs and attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, the individual plaintiffs and the plaintiff class

12

1   members demand judgment against defendants as hereinafter set forth,

2   including, *inter alia*:

3       (a)   Declare this action to be maintainable as a collective

4              action pursuant to 29 U.S.C. §216(b), and direct

5              defendants to provide a list of all persons employed by it

6              as timeshare salespersons during the past three (3) years,

7              including the last known address and telephone number of

8              each person, so that the individual plaintiffs can give

9              such persons notice of this action and an opportunity to

10             make an informed decision about whether to participate or

11             not;

12

13      (b)   Determine the damages sustained by the individual

14             plaintiffs and the plaintiff class members as a result of

15             defendants' violations of 29 U.S.C. § 206 and § 207, and

16             award those damages against defendants and in favor of the

17             individual plaintiffs and all members of the FLSA Class,

18             plus an additional equal amount as liquidated damages

19             under 29 U.S.C. §216(b), and such pre-judgment interest as

20             may be allowed by law;

21

22      (c)   Certify the individual plaintiffs' claims under Nevada's

23             statutes and for breach of contract pursuant to N.R.C.P. §

24             23 as a class action and award an appropriate judgment

25             against the defendants for damages to the individual

26             plaintiffs and the Nevada Subclass members and/or the

27             nationwide class of the Defendants's commissioned

28

timeshare salespersons who sustained damages from the
defendants' breach of their contracts;

(d)   Award Plaintiffs their costs and disbursements of this
suit, including without limitation, reasonable attorneys',
accountants' and experts' fees;

(e)   Grant Plaintiffs and the Plaintiff class members such
other and further relief as the Court may deem just and
proper.

Plaintiffs further demand a trial by jury on all issues so
triable.

Dated: April 10, 2009
       Clark County, Nevada

                    Submitted by the attorneys for the
                    Plaintiffs,
                    Leon Greenberg Professional Corporation


                    By: _____
                    Leon Greenberg, Esq.
                    Nevada Bar No.: 8094
                    633 South 4th Street - Suite 4
                    Las Vegas, Nevada 89101
                    (702) 383-6085
                    Attorney for Plaintiffs

14

CONSENT TO JOINDER

Rick Brunton by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

Rick Brunton

CONSENT TO JOINDER

Michael Leber by signing below, hereby consents to join this case as a plaintiff pursuant to 29 U.S.C. 216(b).

Michael Leber

1  **SUMM**
   Leon Greenberg, NSB 8094
2  A Professional Corporation
3  633 S. 4th St. Suite 4
   Las Vegas, NV   89101
4  (702) 383-6085
5  Attorneys for Plaintiff

                                    DISTRICT COURT
6                              CLARK COUNTY, NEVADA
7

8  MICHAEL LEBER and RICK BRUNTON,        )
                                          )
9                                         )
                                          )
10                          Plaintiff(s), )    CASE NO.  A 5 8 7 8 4 4
                                          )
11              -vs-                       )    DEPT. NO.  V 11
                                          )
12  STARPOINT RESORT GROUP, INC.,  et al. )
    (see attached rider)                  )
13                                         )
                                          )
14                          Defendant(s). )
   _____

15
                              **SUMMONS - CIVIL**
16
17 **NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU
   WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.
18 READ THE INFORMATION BELOW.**

19 **TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against

20 you for the relief set forth in the Complaint.

21      1.  If you intend to defend this lawsuit, within 20 days after this Summons is served

22 on you, exclusive of the day of service, you must do the following:

23           a.   File with the Clerk of this Court, whose address is shown below, a

24                formal written response to the Complaint in accordance with the rules

25                of the Court, with the appropriate filing fee.

26           b.   Serve a copy of your response upon the attorney whose name and

27                address is shown below.

28 . . .

1      2. Unless you respond, your default will be entered upon application of the

2  Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in

3  the Complaint, which could result in the taking of money or property or other relief

4  requested in the Complaint.

5      3. If you intend to seek the advice of an attorney in this matter, you should do so

6  promptly so that your response may be filed on time.

7      4. The State of Nevada, its political subdivisions, agencies, officers, employees,

8  board members, commission members and legislators, each have 45 days after service

9  of this Summons within which to file an Answer or other responsive pleading to the

10  Complaint.

11

Submitted By:                    ~~SHIRLEY B. PARRAGUIRRE~~, CLERK OF COURT

12

13

          (Signature)         By: ___ LOVIE HAWKINS _____

14  Name: _____Leon Greenberg, Esq._____     Deputy Clerk            Date
      Address: _____633 South 4th Street - Suite 4_____

15  City/State/Zip: _Las Vegas, Nevada 89101_     Clark County Courthouse
      Telephone: _____(702) 383-6085_____       200 South Third Street

16  Attorney for: _____Plaintiff_____          Las Vegas, NV 89155

17

18  **NOTE: When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure 4(b).**

19

20

21

22

23

24

25

26

27

28

          SUMM Civil2.wpd/February 19, 2003

*(Stamp: DISTRICT COURT SEAL, APR 15 2009)*

Rider to Summons

GEOHOLIDAY DEVELOPMENT, LLC and "John Does", name fictitious, actual name and number unknown

1   **STATE OF**_____<u>NEVADA</u>_____)            **AFFIDAVIT OF SERVICE**

2   **COUNTY OF**_____<u>CLARK</u>_____)  **} ss:**

3   _____, being duly sworn, says: That at all times herein

4   affiant was and is a citizen of the United States, over 18 years of age, not a party to nor

5   interested in the proceeding in which this affidavit is made.  That affiant received _____

6   copy(ies) of the Summons and Complaint, _____

7   _____

8   on the _____ day of _____, 20_____ and served the same on the

9   _____ day of _____, 20_____ by:

10   **(Affiant must complete the appropriate paragraph)**

11

12   1.   Delivering and leaving a copy with the Defendant _____

13        at (state address) _____

14        _____

15        _____

16   2.   Serving the Defendant _____ by personally

17        delivering and leaving a copy with _____, a

18        person of suitable age and discretion residing at the Defendant's usual place of

19        abode located at: (state address) _____

20        _____.

21   **(Use paragraph 3 for service upon agent, completing A or B)**

22   3.   Serving the Defendant _____ by personally

23        delivering and leaving a copy at  (state address) _____

24        _____

25        _____.

26   (a)    With _____ as _____,

27          an agent lawfully designated by statute to accept service of process;

28

- 3 -                        SUMM Civil2.wpd/February 19, 2003

(b)   With _____, pursuant to NRS 14.020 as a
person of suitable age and discretion at the above address, which address
is the address of the resident agent as shown on the current certificate of
designation filed with the Secretary of State.

4.   Personally depositing a copy in a mail box of the United States Post Office,
enclosed in a sealed envelope, postage prepaid (Check appropriate method):

         ☐ Ordinary mail

         ☐ Certified mail, return receipt requested

         ☐ Registered mail, return receipt requested

addressed to the Defendant _____ at
Defendant's last known address which is (state address) _____
_____.

**COMPLETE ONE OF THE FOLLOWING:**

(a)   If executed in this state, "I declare under penalty of perjury that the foregoing is
true and correct."

             _____
             Signature of person making service

(b)   If executed outside of this state: "I declare under penalty of perjury under the law
of the State of Nevada that the foregoing is true and correct."

             _____
             Signature of person making service

SUMM Civil2.wpd/February 19, 2003