OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Jeffrey D. Winchester, Esq.
Nevada Bar No. 10279
3800 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada  89169
Telephone:  (702) 791-7600
Facsimile:  (702) 369-5694

Darren T. Horvath, Esq.
Georgia Bar No. 368205
Admitted *pro hac vice* (July 23, 2009)
Taylor English Duma LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Facsimile:  (770) 434-7376

Attorneys for Defendants
STARPOINT RESORT GROUP, INC. and
GEOHOLIDAY DEVELOPMENT, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RICK BRUNTON and MICHAEL LEBER individually and on behalf of all other similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>STARPOINT RESORT GROUP, INC. and GEOHOLIDAY DEVELOPMENT, LLC, and "JOHN DOES", name fictitious, actual name and number unknown,<br><br>    Defendants. | Case No.: 2:09-cv-01101-RLH-PAL<br><br>**JOINT MOTION FOR<br>A STAY OF ALL DEADLINES TO<br>ALLOW THE PARTIES TO PURSUE<br>SETTLEMENT** |

Defendants STARPOINT RESORT GROUP, INC. and GEOHOLIDAY DEVELOPMENT, LLC, and Plaintiffs RICK BRUNTON and MICHAEL LEBER, individually and on behalf of all others similarly situated, through their counsel of

- 1 -

record, hereby jointly and respectfully ask the Court to issue an Order staying all deadlines, so the parties can have additional time to continue to pursue settlement negotiations without incurring the additional expense of further discovery. The grounds for this motion and specific relief sought are set forth below:

1.  This case is brought both as a collective action for unpaid minimum wage and overtime pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act and as a Rule 23 class action pursuant to various Nevada statutory wage and hour provisions and under a state common law breach of contract theory.

2.  There are a total of approximately 380 total potential class members. Notice for conditional certification of the FLSA opt-in class has been circulated and the opt-in period has expired. Approximately 90 individuals have filed joinders with the Court as part of the FLSA opt-in class.

3.  Under the Discovery Plan and Scheduling Order entered by the Court on December 7, 2009, discovery is set to close on September 6, 2010. (Doc. 24, ¶ 4).

4.  According to the Discovery Plan and Scheduling Order, dispositive motions are currently due 60 days after the close of discovery, unless a motion for class certification or a motion to decertify a class is pending, in which case dispositive motions are due 60 days after the Court has ruled on all such class action certification and decertification motions. (Doc. 24, ¶ 7). The pretrial order is due 60 days after the close of discovery or 60 days after the Court has ruled on all pending dispositive motions and class action certification and decertification motions, whichever is later. (Doc. 24, ¶ 8).

5.  No trial date has been set.

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339

6. The parties have engaged in written discovery and some depositions but still have a significant amount of discovery to conduct. In particular, Plaintiffs need to depose representatives of Defendants and witnesses identified by Defendants. Defendants need to depose a sampling of the putative class.

7. The parties have waited on completing this discovery because the parties have been engaged in good faith settlement negotiations and incurring the substantial time and expense associated with such discovery would only hinder settlement efforts.

8. The parties have not yet reached an agreement on settlement, but they are optimistic based on their discussions that a settlement can be achieved. That conclusion is based upon detailed in-person settlement discussions held by counsel on June 10, 2010 wherein Plaintiffs' counsel presented general economic terms for a settlement and Defendants' subsequent review of those terms. Notwithstanding the parties' belief that the general economic terms of a settlement can be agreed upon, the parties need additional time to discuss and negotiate the various specific terms for settling an FLSA collective action/Rule 23 class action hybrid case such as this one. And if a settlement can be agreed upon in principle, the parties would still need additional time to craft the necessary settlement documents for submission to the Court. This process and the likelihood of reaching settlement at all would be materially impeded if the parties were required to incur the legal fees, costs, and time commitment associated with completing the remaining needed discovery. Diversion of resources by the Defendants to discovery and further litigation efforts would make it more difficult for the Defendants to agree to a settlement within range of the general economic terms outlined by the Plaintiffs' counsel. Additionally, further expenses of litigation would also be detrimental to the Plaintiffs as such expenses would ultimately have to be repaid from any class recovery and would likely diminish the funds actually available to compensate the class members if a settlement was agreed upon.

- 3 -

9.      As the Ninth Circuit has stated: "[T]here is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits." *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) (quotations omitted).

10.     WHEREFORE, the parties therefore respectfully request that the Court enter an Order that: (1) Stays all discovery and other deadlines as of the date of the filing of this Joint Motion; (2) Gives the parties until Tuesday, September 7, 2010 to submit a proposed class action settlement to the Court for review and approval; (3) Provides that if a proposed class action settlement is submitted to the Court by the September 7, 2010 deadline, all discovery and other deadlines will be further stayed pending Court action on the proposed settlement; and (4) Provides that if no proposed class action settlement is submitted to the Court for review and approval by the September 7, 2010 deadline, the stay of the discovery period will be lifted and the new deadline for completing discovery will be November 30, 2010, with September 30, 2010 being the deadline for initial designation of experts and expert reports, with October 31, 2010 being the deadline for the designation of rebuttal experts and exchange of rebuttal expert reports, and with all other deadlines as set forth in paragraphs 5, 7, and 8 of the Discovery Plan and Scheduling Order remaining in effect.

Submitted by:

| | |
|---|---|
| Dated: July 19, 2010 | Dated: July 19, 2010 |
| OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. | THIERMAN LAW FIRM |
| /s/ Jeffrey D. Winchester | /s/ Mark R. Thierman |
| Jeffrey D. Winchester, Esq.<br>3800 Howard Hughes Pkwy.<br>Suite 1100<br>Las Vegas, NV  89169<br>Telephone:  (702) 791-7600<br>Facsimile:   (702) 369-5694 | Mark R. Thierman, Esq.<br>7287 Lakeside Drive<br>Reno, NV  89511<br>Telephone: (775) 284-1500 |
| *Attorneys for Defendants* | *Attorney for Plaintiffs* |

TAYLOR ENGLISH DUMA LLP
1600 Parkwood Circle, Suite 400
Atlanta, Georgia  30339

- 5 -

Dated: July 19, 2010

TAYLOR ENGLISH DUMA LLP

 /s/ Darren T. Horvath
Darren T. Horvath, Esq.
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Facsimile: (770) 434-7376
*Attorneys for Defendants*

Dated: July 19, 2010

 /s/ Leon Greenberg
Leon Greenberg, Esq.
633 S. Fourth Street, Ste. 4
Las Vegas, NV 89101
Telephone: (702) 383-6085

*Attorney for Plaintiffs*

IT IS SO ORDERED

DATED: **July 22, 2010**

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE