1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

11
12

13  RICK BRUNTON and MICHAEL LEBER      **Case No.:** 09-cv-01101-RLH-PAL
    individually and on behalf of all others similarly
14  situated,                                              ORDER GRANTING
                                                  PRELIMINARY APPROVAL OF
15              Plaintiffs,                        CLASS ACTION SETTLEMENT
    v.
16  STARPOINT RESORT GROUP, INC. and    Date:
    GEOHOLIDAY DEVELOPMENT, LLC, and    Time:
17  "John Does", name fictitious, actual name and   Courtroom:
    number unknown,
18
                Defendants.
19  _____

20          The Court has before it Plaintiffs' unopposed motion for preliminary approval of

21  a proposed class action settlement ("Settlement"). After reviewing the Motion for

22  Preliminary Approval and the Stipulation and Settlement Agreement of Claims filed with

23  the Court, the Court hereby finds and orders as follows:

24          1.   The Court finds on a preliminary basis that the Settlement memorialized in the

25  Stipulation and Settlement Agreement ("Stipulation") appears to be fair, adequate and

26  reasonable, falls within the range of reasonableness, and therefore meets the requirements

27  for preliminary approval.

28

1

1    2.    The Court conditionally certifies for settlement purposes only the following class

2    ("Class"):

3            All current and former commissions-only frontline timeshare
             salespeople/sales agents and frontline timeshare "closers" who participated
4            in selling timeshares for the Defendants at Starpoint Resort Group, Inc.'s
             sales centers in Las Vegas, Nevada, on or after April 15, 2003 except for
5            such persons who are listed on Exhibit "F" hereto.

6    3.    The Court finds, for purposes of settlement only, that the Class meets the

7    requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (1) the Class is

8    so numerous that joinder is impracticable; there are questions of law and fact that are common

9    to all Settlement Class Members, which questions predominate over individual issues; (2)

10   Plaintiffs' claims are typical of the claims of the Class; (3) the Named Plaintiffs and Plaintiffs'

11   counsel will fairly and adequately protect the interests of the Class; and (4) a class action is

12   superior to other available methods for the fair and efficient adjudication of the controversy.

13   4.    The Court appoints for settlement purposes only, Named Plaintiffs Michael Leber

14   and Rick Brunton, as class representatives for the Class.

15   5.    The Court appoints for settlement purposes only, Mark Thierman of the Thierman

16   Law Firm and Leon Greenberg of Leon Greenberg Professional Corporation as counsel for the

17   Class.

18   6.    The Court appoints Rust Consulting as the Settlement Administrator.

19   7.    The parties are ordered to carry out the settlement according to the terms of the

20   Stipulation.

21   8.    The Court orders the following schedule of dates for further proceedings:

22        a.    Deadline for serving and filing Motion for Final Approval: **May 20, 2011.**

23        b.    Final Approval Hearing: **June 23, 2011 at 9:00 a.m., Courtroom 6C.**

24   9.    The Court approves, as to the form and content, the Notice of Class Action

25   Settlement ("Notice"), attached hereto as Exhibit A, which informs the members of the Class of

26   the terms of the proposed Settlement, the preliminary approval of the Settlement, and the

27   scheduling of the Final Approval Hearing, and the Claim Forms attached hereto as Exhibits B

28   through E. The Court finds that the dates selected for the mailing and distribution of the Notice

2

1  and Claim Form meet the requirements of due process and provide the best notice practicable

2  under the circumstances and shall constitute due and sufficient notice to all persons entitled

3  thereto.

4  IT IS SO ORDERED.

5  Dated:   February 9, 2011

6

7  _____

8  Honorable Roger L. Hunt
   UNITED STATES DISTRICT JUDGE

9  Submitted by

10  Mark R. Thierman, NSB 8285
    THIERMAN LAW FIRM
11  7287 Lakeside Drive
    Reno, NV 89511
12  Telephone (775) 284-1500

13  Leon Greenberg, NSB 8094
    A Professional Corporation
14  633 South 4th Street - Suite 4
    Las Vegas, Nevada 89101
15  Telephone (702) 383-6085

16  Attorneys for Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

3

EXHIBIT "A"

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICK BRUNTON and MICHAEL LEBER individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STARPOINT RESORT GROUP, INC. and GEOHOLIDAY DEVELOPMENT, LLC, and "John Does", name fictitious, actual name and number unknown,<br><br>Defendants. | **Case No.:** 09-cv-01101-RLH-PAL<br><br>**CLASS ACTION**<br><br>**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT** |

TO:   ALL CURRENT AND FORMER COMMISSIONS-ONLY FRONTLINE TIMESHARE SALESPEOPLE/SALES AGENTS AND FRONTLINE TIMESHARE "CLOSERS" WHO PARTICIPATED IN SELLING TIMESHARES FOR STARPOINT RESORT GROUP INC. AND/OR GEOHOLIDAY DEVELOPMENT, LLC AT STARPOINT RESORT GROUP, INC.'S SALES CENTERS IN LAS VEGAS, NEVADA ON OR AFTER APRIL 15, 2003

**THIS NOTICE AFFECTS YOUR RIGHTS.**
**PLEASE READ IT CAREFULLY.**
_____

      1.    YOU ARE HEREBY NOTIFIED that a proposed settlement ("Settlement") of the above-captioned class action ("Action") pending in the United States District Court, District of Nevada (the "Court") has been reached by the Parties and has been granted preliminary approval by the Court supervising the Action.  The purpose of this Notice is to describe the Action, to inform you of the terms of the proposed Settlement, and to inform you of your rights and options in connection with the proposed Settlement.  The proposed Settlement will resolve all claims in this Action.  A Final Approval Hearing will be held on _____, 2011, to determine whether the Action should be granted final approval.  Because your rights may be affected, it is extremely important that you read this Notice carefully.  You must file a claim which is postmarked by the U.S. Postal Service by _____, 2011 to participate in the Settlement.  Unless you choose to opt out of the Settlement, you will be bound by the Settlement, if it is approved, and by any order entered by the Court.

1

## SUMMARY OF THE ACTION

2.     The Action was originally filed on April 15, 2009 in Clark County, Nevada and was subsequently removed to the United States District Court, District of Nevada. On December 7, 2009, the U.S. District Court granted conditional certification of the alleged Fair Labor Standards Act ("FLSA") claims as to all current and former frontline timeshare salespeople/sales agents and frontline timeshare  "closers" who participated in selling timeshares for Starpoint Resort Group, Inc. ("Starpoint") and/or GeoHoliday Development, LLC (collectively "Defendants") at Starpoint's Jockey Club and/or Royal Resorts/Convention Center sales offices in Las Vegas, Nevada, on or after April 15, 2006 and who were compensated on a commissions-only basis.  The Court also authorized that notice be sent to such potential plaintiffs providing them the opportunity to opt into the Action.  After conducting discovery and exchanging relevant information, and more than one year of hard fought litigation, the Parties agreed to try and resolve Plaintiffs' claims.  Counsel for the Parties over the course of 2010 conducted numerous discussions, including an in person settlement meeting, and exchanged various information, resulting in the Settlement that is memorialized in the Stipulation and Settlement Agreement of Claims that is on file with the Court and the terms of which are generally summarized below.

3.     You have received this Notice because Defendants' records show you were a Class Member and your rights may be affected by this Settlement.

## POSITIONS OF THE PARTIES

4.     Defendants have denied and continue to deny each of the claims in the Action.  Defendants contend that all of its timeshare salespersons/sales agents and closers have been compensated in compliance with the law, and that its conduct was not willful with respect to any alleged failure to pay any wages (including but not limited to overtime, minimum wage, commission wages, or otherwise), all commissions due, the classification of its timeshare salespersons/sales agents and closers as independent contractors rather than employees, and/or with respect to any of its compensation practices.  Defendants have repeatedly asserted and continue to assert defenses to the claims in the Action, and have expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.  Neither the proposed Settlement nor any action taken to carry out the proposed Settlement is, may be construed as, or may be used as an admission, concession or indication by or against Defendants of any fault, wrongdoing or liability whatsoever.

5.     Counsel for the Plaintiffs ("Plaintiffs' Counsel") has extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the law applicable thereto.  Plaintiffs' Counsel recognizes the expense and length of continued proceedings necessary to continue the Action against Defendants through trial and through any possible appeals.  Plaintiffs' Counsel has also taken into account the uncertainty and the risk of the outcome of further litigation, including the risk that the class might not be certified in light of Defendants' opposition to certification as well as the difficulties and delays generally inherent in such litigation.

6.     Plaintiffs' Counsel is also aware of the burdens of proof necessary to establish liability for the claims, of Defendants' defenses thereto, and of the difficulties in establishing damages for the Class Members.  Plaintiffs' Counsel has also taken into account the extensive settlement negotiations conducted by the Parties.  Based on the foregoing, Plaintiffs' Counsel believes the proposed Settlement is fair, adequate and reasonable and in the best interests of the Class Members.

7.     Defendants have also extensively investigated and researched the facts and circumstances underlying the issues raised in the Action, and the law applicable thereto.  Although Defendants believe they have meritorious defenses to the Action, Defendants have concluded that the further defense of this Action would be lengthy and expensive for all Parties.  Defendants have, therefore, agreed to settle this Action in the manner and upon the terms set forth in the proposed Settlement to put to rest all claims that are or could have been asserted against it in the Action.

8.     The Court has made no ruling on the merits of Class Members' claims and has determined only that certification of the Class for Settlement purposes is appropriate under federal law.

## **PRELIMINARY APPROVAL OF THE SETTLEMENT**

9.     On _____, 2011, the Court appointed the following attorneys as Plaintiffs' Counsel to represent the Class in this Action:

Leon Greenberg
Leon Greenberg Professional Corporation
633 South 4th Street, Suite 4
Las Vegas, NV 89101

Mark R. Thierman
Thierman Law Firm
7287 Lakeside Drive
Reno, NV 89511

10.     On _____ 2011, for purposes of the Settlement, Judge Roger L. Hunt of the United States District Court, District of Nevada, certified a Class consisting of commissions-only frontline timeshare salespersons/sales agents and frontline closers who participated in selling timeshares for any of the Defendants at Starpoint's sales centers in Las Vegas, Nevada, on or after April 15, 2003.

11.     If you are a member of the Class, you will be bound by the proposed Settlement described below if it is approved, unless you are eligible to and do make a written request for exclusion in the manner described below.

## SUMMARY OF SETTLEMENT TERMS

12.     The following is a summary of the provisions of the proposed Settlement between the Plaintiffs, the Class, and the Defendants.  The specific and complete terms of the proposed Settlement are described in the Stipulation and Settlement Agreement of Claims ("Settlement Agreement"), a copy of which is available for your review as set forth at the end of this Notice.

13.     The Court will hold a Final Approval Hearing on the Settlement Agreement in Courtroom ___ of the United States District Court, District of Nevada, located at 333 S. Las Vegas Boulevard, Las Vegas, Nevada, at *[time]* on _____, 2011, at which time the Court will determine whether to grant final approval to the Settlement.  You do not need to attend that hearing to participate in the proposed Settlement.

14.     <u>Settlement Amount</u>.  The Settlement Agreement provides that Defendants will pay up to $400,000.00 (the "Settlement Fund") to fully resolve the issues in the Action.  After the following Court-approved deductions, the remaining amount will be distributed to Class Members who do not opt-out and who timely file claims electing to receive a cash distribution rather than an Alternative Settlement Option ("Authorized Cash Award Claimants") pursuant to the Court-approved plan of allocation, which is based on the number of weeks the Class Member participated in selling timeshares as a commissions-only frontline salesperson/sales agent or frontline closer for any of the Defendants at Starpoint's sales offices in Las Vegas, Nevada during the period from April 15, 2006 to December 31, 2010, with all unclaimed amounts to be retained by the Defendants.

(a)     <u>Deductions</u>. The following deductions will be made from the Settlement Fund:

(1)     <u>Attorneys' Fees and Expense Award.</u>  The Court has appointed Leon Greenberg of Leon Greenberg Professional Corporation and Mark Thierman of the Thierman Law Firm as Plaintiffs' counsel.  As part of the Settlement approval process, Plaintiffs' Counsel will seek approval of an award of attorneys' fees of no more than $120,000.00 and actual expenses of up to $5,000.00 (the "Fees and Expense Award").  Plaintiffs' Counsel shall not be permitted to petition the Court for any additional payments for fees, costs or interest and the Fees and Expense Award shall be utilized for all claims for attorneys' fees and costs, past, present and future incurred in the Action.  As part of the Settlement, you will not be required to pay Plaintiffs' Counsel for their representation of you in the Action.

(2)     <u>Named Plaintiff Awards</u>.  Plaintiffs' Counsel will also seek a Named Plaintiff Award of $12,000 in total to be paid to Michael Leber and Rick Brunton, in recognition of their efforts in obtaining the benefits of the Settlement for the Class and in exchange for a full release of claims against Defendants.   If approved by the Court, this amount will be paid from the Settlement Fund.

(3)    <u>Settlement Administration Expenses</u>. The Court has tentatively approved payment to the Settlement Administrator,                    , to notify the class and process claims.  The payment is not expected to exceed $25,000.

(4)    <u>Limit on Deductions.</u>  .  In no event will the Fees and Expense Award and Named Plaintiff Awards, when combined with the Settlement Administration Expenses, collectively total in excess of $150,000.00.  In the event that such an excess total would result from the sum of such amounts, the attorney's fee award to Plaintiffs' Counsel will be reduced to the amount necessary to have such sum equal $150,000.

(b)    <u>Payments to Class Members: Plan of Allocation</u>.   The approximate expected minimum of $250,000.00 remaining (the "Settlement Fund for Distribution") after these deductions will be available for distribution to "Authorized Cash Award Claimants."

(1)    "Authorized Cash Award Claimants" are those Class Members who do not exclude themselves from the Class and who submit a timely and valid Claim Form on which the Class Member has indicated by marking the appropriate box that he or she has elected to receive a cash distribution rather than an Alternative Settlement Option (described below).

(2)    Authorized Cash Award Claimants will be entitled to receive a share of the Settlement Fund for Distribution based on the Authorized Cash Award Claimant's Weekly Service Credits.   The calculation of Weekly Service Credits shall be based on the Weeks Worked data provided by Defendants for each Class Member. For the purpose of figuring Weeks Worked to credit each Class Member, the Defendants have used their best efforts, through review of their records, to determine the total number of days that each Class Member actively engaged in sales activities with potential customers at Starpoint's Las Vegas, Nevada sales locations between April 15, 2006 and December 31, 2010, and then dividing the total number of days by seven (7).  For Class Members who did not previously opt into this Action, the number of Weekly Service Credits is equal to the number of Weeks Worked by the Class Member plus an additional one-half week, and then rounded up to the next whole number.  For Class Members who did opt into this Action, the number of Weekly Service Credits is equal to the number of Weeks Worked by the Class Member plus an additional one-half week, which was increased by 75%, and then rounded up to the next whole number.  The approximate minimum value of each Weekly Service Credit is $22.71.  The Settlement Award for each Class Member who becomes an Authorized Cash Award Claimant will be the Weekly Service Credits for that Class Member multiplied by the value of each Weekly Service Credit, plus $25.00.

(3)     In the event that the Settlement Administrator determines after this Notice of Proposed Class Action Settlement has been sent to Class Members that any identified or previously unidentified Class Members are entitled to receive Settlement Awards in addition to the Settlement Awards calculated at the time Notice was sent, all such additional Settlement Awards will be paid from a three percent (3%) reserve of the Settlement Fund for Distribution that will be aside for this purpose.   Any such additional Settlement Award shall be calculated in the same manner as set forth in subsection (2) above, using the same approximate value per Weekly Service Credit of $22.71.   If the 3% reserve is insufficient to pay out all such additional Settlement Awards, then the value of each Weekly Service Credit for purposes of calculating such additional Settlement Awards will be determined by dividing the 3% reserve by the total number of additional Weekly Service Credits determined by the Settlement Administrator.

(c)     Alternative Settlement Options—Timeshare Memberships and Vacation Certificates.   Many Class Members will be given the option of choosing an Alternative Settlement Option, in the form of ownership of a Timeshare Membership and/or transferable Vacation Certificates, in lieu of a cash Settlement Award.

(1)     The Alternative Settlement Option offered to a Class Member will vary depending on the Class Member's number of Weekly Service Credits. "Group A Class Members"—those with 35 or more Weekly Service Credits— will be entitled to choose an Alternative Settlement Option consisting of both the ownership of a Timeshare Membership and two 7-day Vacation Certificates;  "Group B Class Members"—those with more than 16 but less than 35 Weekly Service Credits—will be entitled to choose an Alternative Settlement Option consisting of two 7-day Vacation Certificates; "Group C Class Members"—those with more than 3 but less than 17 Weekly Service Credits—will be entitled to choose an Alternative Settlement Option consisting of one 7-day Vacation Certificate; and "Group D Class Members"—those with less than 4 Weekly Service Credits—will not be entitled to an Alternative Settlement Option.

(2)     The ownership of a Timeshare Membership is subject to the following terms and conditions:

(i)  The Settlement Administrator shall assign a rank to each "Group A Class Member".  The "Group A Class Member" with the most Weekly Service Credits being ranked No. 1, the "Group A Class Member" with the second most Weekly Service Credits being ranked No. 2, and so forth. The Settlement Administrator will indicate on the Claim Form for each "Group A Class Member" the Member's rank and the total number of "Group A Class Members".

(ii) After the time for submitting Claims Forms for "Group A Class Members" has expired, the "Group A Class Members" who are Authorized Claimants (*i.e.*, Class Members who have not excluded themselves from the Settlement and who have submitted timely and valid Claim Forms) who have chosen to own a Timeshare Membership will be contacted in order of rank and given the opportunity to select one of the available Timeshare Membership from the list of Timeshare Memberships that will be included with the Claim Form.  The list of Timeshare Memberships will include basic information about the Membership such as type, location, whether floating, fixed or seasonal, number of people it sleeps, and estimated taxable value. Once a Timeshare Membership has been selected from the list, that Membership will no longer be available.

(iii) Starpoint will coordinate the transfer of ownership of the Timeshare Membership, to take place after the Effective Date of the Settlement, and will pay any County recording fees and documentary transfer taxes required to effectuate the conveyance. You will be responsible for forwarding upon demand payment for any other fees, taxes, or expenses associated with or required to effectuate the transfer of ownership of the Membership.   All conveyances of a Timeshare Membership are final (subject to any rescission periods required by law).

(iv) Starpoint will ensure that any maintenance fees associated with the selected Membership have been satisfied for the 2011 use year.  You will be responsible for any maintenance fees that apply to any time period after the 2011 use year and any other fees, costs, taxes, or expenses associated with ownership of the Membership.

(v) You will be responsible for any income taxes associated with your receipt of any Timeshare Membership under this Settlement. The estimated taxable value of each Membership is provided on the attached list, which will be reported as income to you to the IRS and to you on an IRS 1099 form.

(3)     Vacation Certificates as an Alternative Settlement Option are subject to the following terms and conditions:

(i) Starpoint will provide an Original Vacation Certificate containing a unique identifying number for each Vacation Certificate to be issued. Only the Original Vacation Certificate may be redeemed through Starpoint for a one-time use of up to seven (7) consecutive nights, regardless of room rate, type of room, or the number of nights the room is actually occupied, at any of the following GeoHoliday Club resorts: Aquamarine Villas, Dover House, Havasu Dunes, Jockey Club, Lodge at Kingsbury Crossing, Palm Springs Tennis Club, Park Regency, Plaza Resort, San Diego Country Estates, Scottsdale Camelback Resort, Snow Lake Lodge. Original Vacation Certificates are exchangeable for room accommodations only.  A person exchanging an Original Vacation Certificate is responsible for all expenses for transportation,

entertainment, meals, taxes, housekeeping fees, and service charges associated with his/her travel to the resort or use of the resort's amenities and facilities and is also subject to all resort policies, rules, regulations, and restrictions.

(ii) An Original Vacation Certificate is fully transferable to a natural person for purpose of exchanging the Certificate for his or her personal use of room accommodations, subject to all terms, conditions, and restrictions for exchanging such Vacation Certificates. Only the Original Vacation Certificate is transferable. An Original Vacation Certificate cannot be transferred to any business entity, and any such purported transfer shall be null and void. An Original Vacation Certificate has no cash value and cannot be used to secure any debt or otherwise pledged as collateral.

(iii) To exchange an Original Vacation Certificate for room accommodations, the Original Vacation Certificate holder must contact the designated Starpoint department and reserve a room no earlier than within sixty (60) days of the date of arrival. All reservations are final once confirmed by Starpoint. Once a reservation is confirmed, the Original Vacation Certificate holder must surrender the Original Vacation Certificate to Starpoint prior to the date of arrival. All reservations are based on availability.

(iv) Each Original Vacation Certificate expires 24 months after date of issuance, and to use the Vacation Certificate, it must be exchanged such that the date of arrival takes place before it expires. Authorized Claimants that receive Vacation Certificates are responsible for any income taxes they may owe in connection with receiving an Original Vacation Certificate. Each Original Vacation Certificate is estimated to have a taxable value of $915.00.

(d) <u>Tax Matters.</u>   All Settlement Awards or Alternative Settlement Options received under this Settlement constitute self-employment compensation to the Class Member and shall not be subject to federal, state and local payroll withholding taxes.   Each Class Member who receives a Settlement Award or Alternative Settlement Option(s) will be issued an IRS 1099 for the full amount of the Settlement Award or the total estimated taxable value of all Alternative Settlement Options, as is applicable based on his or her election.   Each Class Member will be responsible for paying all applicable state, local, and federal income taxes on the value of all items the Class Member receives pursuant to this Settlement.

(e)   <u>Conditions of the Settlement</u>.   This Settlement is conditioned upon the Court entering an order at or following the Final Approval Hearing approving the Settlement as fair, reasonable, adequate and in the best interests of the Settlement Class, and entering Judgment in accordance with the Settlement Agreement.

## RELEASE OF CLAIMS

15.    All Class Members who have not validly requested exclusion from the Settlement will be bound by the terms of the proposed Settlement if it is approved and if the Order of Final Approval dismissing the Action is entered and Judgment becomes final.  If the proposed Settlement is approved, all Class Members will have released Defendants, all of their past or present officers, directors, shareholders, members, managers, supervisors, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and all of their respective successors and predecessors in interest, parents, subsidiaries, affiliates, and attorneys (the "Released Parties") from all claims, demands, rights, liabilities, and causes of action that were or might have been asserted (whether in tort, contract, or otherwise) for violation of any state or federal law, whether for economic damages, noneconomic damages, restitution, penalties, liquidated damages, punitive damages, interest or other monies arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that the Released Parties failed to pay or charged back any commission wages to which Class Members were entitled, failed to reimburse Class Members for business expenses, improperly classified Class Members as exempt from overtime pay, failed to provide Class Members all overtime wages due, failed to pay Class Members minimum wages, failed to provide Class Members timely or accurate paychecks, pay stubs or itemized wage statements, failed to provide Class Members with meal or rest periods, failed to keep records properly concerning time Class Members worked, failed to timely or properly pay Class Members any wages or commissions to which they were entitled, at any times on or before Final Approval of this Settlement (the "Released Claims"), provided that only those Class Members who have filed a consent to join this Action or who have not excluded themselves from this Settlement and have submitted timely and valid Claim Forms shall be deemed to release any claims that they possess arising under 29 U.S.C. 201 et. seq., the Fair Labor Standards Act.  The Settlement Class Members will be permanently barred from suing or otherwise making a claim against any of the Released Parties that is in any way related to the Released Claims.

16.    Plaintiffs and all Settlement Class Members stipulate and agree that, upon the Effective Date of this Settlement, they shall be deemed to have, and by operation of the Settlement Order and Judgment entered by the Court shall have, expressly waived and relinquished the Released Claims and any and all actions, suits, claims, demands, rights, liabilities or causes of action that the Settlement Class Members do not know of or suspect to exist in their favor, which, if known by them, might have affected their agreement to the Settlement.  Even if the Plaintiffs and/or the Settlement Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, each Plaintiff and Settlement Class Member, upon the Effective Date of this Settlement, shall be deemed to have and by operation of the Settlement Order and Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims.

17.    The Settlement Class Members agree not to sue or otherwise make a claim against any of the Released Parties that is in any way related to, arises out of, or is connected with the Released Claims. The Settlement Awards and the Named Plaintiff Awards shall be paid to Settlement Class Members specifically in exchange for the release of the Released Parties from the Released Claims and for the covenant not to sue concerning the Released Claims.

## PROCEDURE FOR RECOVERY UNDER THE SETTLEMENT

18.    If you want to participate in the Settlement and receive money or an Alternative Settlement Option under the Settlement, you must complete, sign, and date the enclosed Claim Form and mail the completed Claim Form with your original signature by postage pre-paid U.S. first class mail postmarked by the U.S. Postal Service by no later than _____, 2011 [45 days after mailing] to the Settlement Administrator at the following address:

### Starpoint Settlement
c/o

[insert address]
Telephone:  1-800-_____
Fax:  _____

A copy of your Claim Form is attached.  (If you need an extra copy, contact the Settlement Administrator).  If any information provided on the Claim Form is incorrect, please make corrections.  For example, if your address is incorrect, please indicate your correct address.  Also, please provide your telephone number and any other indicated information referred to on your Claim Form if it is not provided.  If you wish to have confirmation that the Settlement Administrator has received your Claim Form, you may do so by sending it by certified U.S. Mail with a return-receipt request.  The Claim Form lists the total number of Weekly Service Credits that you are credited with based on the number of Weeks Worked by you as a commissions-only frontline timeshare salesperson/sales agent and/or frontline timeshare closer for Starpoint at its sales centers in Las Vegas, Nevada during the period from April 15, 2006 to December 31, 2010, with any applicable enhancement if you previously opted into the Action.  The Claim Form also provides your projected cash settlement payment and any Alternative Settlement Options you are entitled to receive in lieu of a cash payment.

19.    If you are a Class Member and you do not choose to exclude yourself from the Settlement, you will be bound by all of the provisions of the Settlement Agreement between the Parties, including a full release of claims that will prevent you from separately suing the Released Parties for the Released Claims settled in this case (see paragraphs 15-17 above).

20.    **ANY CLASS MEMBER WHO DOES NOT SUBMIT A TIMELY CLAIM FORM WILL NOT RECEIVE A SHARE OF THE SETTLEMENT FUND OR ANY ALTERNATIVE SETTLEMENT OPTIONS.  IF YOU DO NOTHING – THAT IS, IF YOU DO NOT MAIL OR DELIVER A TIMELY CLAIM FORM, YOU WILL NOT BE ENTITLED TO A SHARE OF SETTLEMENT AMOUNT OR ANY ALTERNATIVE SETTLEMENT OPTION.  HOWEVER, YOU WILL BE BOUND BY THE TERMS OF THE SETTLEMENT, INCLUDING THE RELEASE, EVEN THOUGH YOU DID NOT RECEIVE ANY MONEY OR ANY ALTERNATIVE SETTLEMENT OPTION, UNLESS YOU EXCLUDE YOURSELF IN WRITING FROM THE SETTLEMENT AS PROVIDED IN PARAGRAPH 21.**

## PROCEDURE FOR EXCLUSION

21.     Class Members may exclude themselves from (or "opt-out" of) the Settlement by mailing to the Settlement Administrator at the address listed in paragraph 18, on or before _____, 2011, [45 days after mailing] a written statement expressing their desire to be excluded from the Settlement.  If you wish to opt-out of the Settlement in this Action, your written statement must include your name (and former names, if any), current address, telephone number and last four digits of your social security number.  In addition, it must be postmarked by the U.S. Postal Service on or before _____, 2011, [45 days after mailing].  Requests to opt-out that do not include all required information, or that are not submitted on a timely basis, will be deemed null, void, and ineffective.  Persons who are eligible to and do submit valid and timely requests to opt-out of the Settlement will not participate in the Settlement, nor will they be bound by the terms of the proposed Settlement, if it is approved, or the Order of Final Approval and Judgment in this action.

## OBJECTIONS TO THE PROPOSED SETTLEMENT/FINAL SETTLEMENT HEARING

22.     A Final Approval Hearing will be held before the Honorable Roger L. Hunt in Courtroom ____ of the United States District Court, District of Nevada, located at 333 S. Las Vegas Boulevard, Las Vegas, Nevada, at [*time*] on _____,        2011,        to determine whether the proposed Settlement is fair, adequate and reasonable and whether it should be approved by the Court and whether the Action should be dismissed on the merits with prejudice.  The hearing may be adjourned, continued and/or rescheduled by the Court from time to time as the Court may direct without further notice .

23.     Any Class Member who wishes to object to the Settlement must file with the Court and serve on counsel for the parties and the Settlement Administrator a written statement objecting to the Settlement.  Such written statement must be filed with the Court and served on counsel for the parties no later than thirty (30) days after the date this Notice is first mailed.  No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing, and copies of any written objections or briefs, shall have been timely filed with the Court and served on counsel for the parties and the Settlement Administrator.  Any written objections and briefs must be served on counsel for the parties and the Settlement Administrator at the following addresses:

| Settlement Administrator | Plaintiffs' Counsel | Defendant's Counsel |
|---|---|---|
| c/o<br><br>[insert address] | Leon Greenberg<br>Leon Greenberg Professional Corporation<br>633 South 4th Street, Suite 4<br>Las Vegas, NV 89101 | Darren T. Horvath<br>Taylor English Duma, LLP<br>1600 Parkwood Circle<br>Suite 400<br>Atlanta, GA 30339 |

24.     Any Class Member who does not file with the Court and serve on counsel his or her written objections in the manner provided above shall be deemed to have waived such objections and shall be foreclosed from making any objections (by appeal or otherwise) to the proposed Settlement.

25.     Any Class Member who is satisfied with the proposed Settlement need not appear at the Final Approval Hearing.

## CHANGE OF ADDRESS

26.     If you move after receiving this Notice, if it was misaddressed, or if for any reason you want your payment or future correspondence concerning this Action and the Settlement to be sent to a different address, you should supply your current preferred address to the Settlement Administrator and to Plaintiffs' Counsel at the addresses listed in paragraph 23.

## EXAMINATION OF THE PAPERS AND ADDITIONAL INQUIRIES

27.     The foregoing is only a summary of the Action and the proposed Settlement and does not purport to be comprehensive.  For a more detailed statement of the matters involved in the Action and the proposed Settlement, you may refer to the pleadings, the Settlement Agreement, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court, District of Nevada, located in Las Vegas, NV, during regular business hours of each Court day.

28.     All inquiries by Class Members regarding this Notice and/or the Settlement that involve requests for information on whether a claim has been received or accepted, requests for additional copies of claim documents or information on when claims will be paid or the amount of your individual claim should be directed to the Settlement Administrator at [insert contact information]   PLEASE DO NOT MAKE ANY INQUIRIES TO THE SETTLEMENT ADMINISTRATOR ABOUT THE AMOUNT OF YOUR INDIVIDUAL CLAIM OR IF YOUR CLAIM PAYMENT HAS BEEN SENT TO YOU UNTIL AFTER [INSERT DATE 10 DAYS AFTER DATE ADMINISTRATOR IS TO MAIL CHECKS] AS THAT INFORMATION MAY NOT BE AVAILABLE BEFORE THAT DATE.  Inquiries involving legal questions about this Notice and/or legal questions about the Settlement or your legal rights should be directed to Plaintiffs' Counsel, Leon Greenberg, Leon Greenberg Professional Corporation,  633 South 4th Street, Suite 4, Las Vegas, NV 89101, (702) 383-6085, email: leongreenberg@overtimelaw.com (email communications are preferred).

29.     You may also retain your own attorney at your own expense.

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, DEFENDANTS, OR DEFENDANTS' COUNSEL WITH INQUIRIES.**


Dated: _____, 2011          _____

                                                          Hon. Roger L. Hunt
                                                          United States District Judge

EXHIBIT "B"

## CLAIM FORM FOR "GROUP A CLASS MEMBERS"

## LEBER ET AL. V. STARPOINT RESORT GROUP, INC., ET AL.

Claim #: _____          Name/Address Changes (please enter
                                     only if applicable):

«First1» «Last1»                     _____

«CO»                                 _____

«Addr2»                              _____

«Addr1»                              _____

«City», «St» «Zip»   «Country»       _____

**To participate in this Settlement, this Claim Form must be completed, including the IRS Form W-9 section below, must have your original signature, and must be postmarked by the U.S. Postal Service no later than _____.**

## GENERAL INFORMATION

If you are a current or former commissions-only frontline timeshare salesperson/sales agent and/or frontline timeshare "closer" who participated in selling timeshares for Starpoint Resort Group, Inc. ("Starpoint") and/or GeoHoliday Development, LLC (collectively "Defendants") at Starpoint's sales centers in Las Vegas, Nevada anytime between April 15, 2003 and December 31, 2010, you are a Class Member and may be eligible to receive a monetary award from the Settlement of this Action. Alternatively, you may have the right to receive a timeshare membership and/or transferable seven-day vacation certificate(s) at a resort, as detailed below, in lieu of taking a cash award.

**In order to receive money or a timeshare membership and/or vacation certificate(s) from the Settlement, you must complete this Claim Form, including all parts of the IRS Form W-9 section below; you must sign this Claim Form; and you must return the Claim Form containing your original signature by first-class mail, postmarked by the U.S. Postal Service no later than                [INSERT DATE]                to the following address:**

**Starpoint Settlement**
**c/o**
[INSERT INFO]

A return envelope is provided.  If you fail to submit your Claim Form by that date, your claim will be rejected and you will not receive any money or any timeshare membership and/or vacation certificate(s) in connection with the Settlement.  If you fail to submit a valid Claim Form and you also fail to exclude yourself from the Settlement through the procedure set forth in the Notice provided to you with this Claim Form you will be bound by the other provisions of the Settlement approved by the Court even though you will not receive any payment or any timeshare membership and/or vacation certificate from the Settlement.   A Claim Form will be deemed submitted when sent by first class mail and postmarked by the U.S. Postal Service.

## CLAIM INFORMATION

You are considered a "Group A Class Member". A "Group A Class Member" is a class member who has 35 or more Weekly Service Credits as a commissions-only frontline timeshare salesperson/sales agent and/or frontline timeshare closer for Defendants at Starpoint's sales centers in Las Vegas, Nevada during the period from April 15, 2006 to December 31, 2010. Given the number of weeks that you served in such capacity (according to Starpoint's records) and taking into consideration any increase that applies if you previously filed a consent to join this litigation under the Fair Labor Standards Act as a member of the FLSA Subclass, your Weekly Service Credits for the above time period are _____. Based upon the anticipated minimum value of each Weekly Service Credit, it is estimated that the approximate minimum cash value of your claim under this Settlement is $_____.

Alternatively, in lieu of receiving the above cash award, as a "Group A Class Member" you have the right to receive *both* the right to own a Timeshare Membership and two (2) transferable 7-day Vacation Certificates, subject to the procedures, terms, and conditions set forth below:

(1) Ownership of a Timeshare Membership:

  (a) Each "Group A Class Member" is assigned a rank. The "Group A Class Member" with the most Weekly Service Credits being ranked No. 1, the "Group A Class Member" with the second most Weekly Service Credits being ranked No. 2, and so forth;

  (b) After the time for submitting claims forms for "Group A Class Members" has expired, the "Group A Class Members" who have chosen to own a Timeshare Membership will be contacted in order of rank to select one of the available Timeshare Membership from the attached list. Once a class member selects a Timeshare Membership from the list, that Membership will no longer be available to others.

  (c) Your rank is _____ out of _____ "Group A Class Members."

  (d) Starpoint will coordinate the transfer of ownership of the Timeshare Membership, to take place after the Effective Date of the Settlement, and will pay any County recording fees and documentary transfer taxes required to effectuate the conveyance. You will be responsible for forwarding upon demand payment for any other fees, taxes, or expenses associated with or required to effectuate the transfer of ownership of the Membership. All conveyances of a Timeshare Membership are final (subject to any rescission periods required by law).

  (e) Starpoint will ensure that any maintenance fees associated with the selected Membership have been satisfied for the 2011 use year. You will be responsible for any maintenance fees that apply to any time period after the 2011 use year and any other fees, costs, taxes, or expenses associated with ownership of the Membership,

  (f) If you select a Timeshare Membership, you are required to furnish all requested information and complete and sign all necessary documents to transfer ownership of the Membership to you.

  (g) You will be responsible for any income taxes associated with your receipt of any Timeshare Membership under this Settlement. The estimated taxable value of each Membership is provided on the attached list. The estimated taxable value of any Membership you receive under this Settlement will be reported as income to you to the IRS and to you on an IRS 1099 form.

(2) Vacation Certificates:

    (a) Starpoint will provide an Original Vacation Certificate containing a unique identifying number for each Vacation Certificate to be issued.

    (b) Only the Original Vacation Certificate may be redeemed through Starpoint for a one-time use of up to seven (7) consecutive nights, regardless of room rate, type of room, or the number of nights the room is actually occupied, at any of the following GeoHoliday Club resorts: Aquamarine Villas, Dover House, Havasu Dunes, Jockey Club, Lodge at Kingsbury Crossing, Palm Springs Tennis Club, Park Regency, Plaza Resort, San Diego Country Estates, Scottsdale Camelback Resort, Snow Lake Lodge.  Original Vacation Certificates are exchangeable for room accommodations only.  A person exchanging an Original Vacation Certificate is responsible for all expenses for transportation, entertainment, meals, taxes, housekeeping fees, and service charges associated with his/her travel to the resort or use of the resort's amenities and facilities and is also subject to all resort policies, rules, regulations, and restrictions.

    (c) An Original Vacation Certificate is fully transferable to a natural person for purpose of exchanging the Certificate for his or her personal use of room accommodations, subject to all terms, conditions, and restrictions for exchanging such Vacation Certificates.  Only the Original Vacation Certificate is transferable.  An Original Vacation Certificate cannot be transferred to any business entity, and any such purported transfer shall be null and void.

    (d) To exchange an Original Vacation Certificate for room accommodations, the Original Vacation Certificate holder must contact the designated Starpoint department and reserve a room no earlier than within sixty (60) days of the date of arrival.  All reservations are final once confirmed by Starpoint.  Once a reservation is confirmed, the Original Vacation Certificate holder must surrender the Original Vacation Certificate to Starpoint prior to the date of arrival.  All reservations are based on availability.  Only rooms that sleep six (6) or fewer qualify.

    (e) An Original Vacation Certificate has no cash value and cannot be used to secure any debt or otherwise pledged as collateral.

    (f) Each Original Vacation Certificate expires 24 months after date of issuance, and to use the Vacation Certificate, it must be exchanged such that the date of arrival takes place before it expires.

    (g) You will be responsible for any income taxes you may owe in connection with receiving an Original Vacation Certificate.  Each Original Vacation Certificate is estimated to have a taxable value of $915.00. The total estimated taxable value of all Original Vacation Certificates you receive under this Settlement will be reported as income to you to the IRS and to you on an IRS 1099 form.

## DECLARATION OF CLASS MEMBER

    1.    In exchange for a cash payment or Timeshare Membership and Vacation Certificates under the Settlement Agreement, I, on behalf of myself and on behalf of all who claim by or through me or in my stead, hereby release Starpoint Resort Group, Inc. and Geoholiday Development, LLC all of their past or present officers, directors, shareholders, members, managers, supervisors, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and all of their respective successors and predecessors in interest, parents, subsidiaries, affiliates, and attorneys (the "Released Parties")

from the "Released Claims."  For purposes of this Settlement, the "Released Claims" means all claims, demands, rights, liabilities, and causes of action that were or might have been asserted (whether in tort, contract, or otherwise) for violation of any state or federal law, including the Fair Labor Standards Act, 29 U.S.C. 201 et. seq., whether for economic damages, noneconomic damages, restitution, penalties, liquidated damages, punitive damages, interest or other monies arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that the Released Parties failed to pay or charged back any commission wages to which I was entitled, failed to reimburse me for business expenses, improperly classified me as exempt from overtime pay, failed to provide me all overtime wages due, failed to pay me minimum wage, failed to provide me timely or accurate paychecks, failed to provide me with meal or rest periods, failed to keep records properly concerning time I worked, and/or failed to properly or timely pay me any wages or commissions to which I was entitled, at any times on or before Final Approval of this Settlement, in connection with my work at Starpoint's sales centers in Las Vegas, Nevada. I have not assigned, pledged or otherwise transferred to any other person or entity my interest in any of the Released Claims.  Subject to and in accordance with the provisions of this Agreement, even if I may hereafter discover facts in addition to or different from those which I now know or believe to be true with respect to the subject matter of the Released Claims, I shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims.  This is true whether the Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  I agree that I will not make a claim against any of the Released Parties that is in any way related to the Released Claims.

2.     I have received the Notice of Class Action Settlement.  I submit this Claim Form under the terms of the proposed settlement described in the Notice.  I also submit to the jurisdiction of the United States District Court, District of Nevada with respect to my claim as a Class Member and for purposes of enforcing the release of claims stated in the Settlement Agreement on file with the Court and the Notice.  The full and precise terms of the proposed settlement are contained in the Settlement Agreement filed with the Court.  I further acknowledge that I am bound by the terms of any Judgment that may be entered in this class action.  I agree to furnish additional information to support this claim if required to do so.

YOU MUST CHOOSE WHETHER YOU WISH TO RECEIVE A CASH PAYMENT OR WHETHER YOU WISH TO RECEIVE A TIMESHARE MEMBERSHIP AND TWO (2) TRANSFERABLE VACATION CERTIFICATES BY FILLING IN THE APPROPRIATE BOX BELOW.

☐   I wish to receive the cash payment in the amount set forth above.

☐   I wish to receive a Timeshare Membership and two (2) Vacation Certificates under the above terms and conditions.

**IF YOU SUBMIT A CLAIM FORM BUT FAIL TO CHECK ONE OF THE BOXES ABOVE, YOU WILL RECEIVE ONLY A TIMESHARE MEMBERSHIP AND TWO (2) VACATION CERTIFICATES AND YOU WILL NOT RECEIVE A CASH PAYMENT.**

If I am the executor and/or heir of a Class Member or a representative of a Class Member, I have provided appropriate documentation about the capacity in which I am submitting this Claim Form on separate sheets attached.

I declare under penalty of perjury that the foregoing information is true and accurate, that I have read and understand the Notice that was mailed with this Claim Form, and agree to abide by the terms of the Notice and this Claim Form.

**In order to receive anything under this Settlement, you must complete the Taxpayer Identification Number Certification - IRS Substitute Form W-9 below, sign the Claim Form, and mail the Claim Form with you original signature postmarked by the U.S. Postal Service no later than [DATE] to the Claim Administrator at the address provided on page 1 of this Claim Form.**

---

### Taxpayer Identification Number Certification - Substitute IRS Form W-9

Enter your Social Security Number:  ☐ ☐ ☐ -- ☐ ☐ -- ☐ ☐ ☐ ☐

Under penalties of perjury, I certify that:

1.  The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); **and**

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3.  I am a U.S. person (including a U.S. resident alien).

Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

---

Dated: _____          _____
                                                                 (Signature)

EXHIBIT "C"

## CLAIM FORM FOR "GROUP B CLASS MEMBERS"

## LEBER ET AL. V. STARPOINT RESORT GROUP, INC., ET AL.

Claim #: _____

Name/Address Changes (please enter only if applicable):

«First1» «Last1»

«CO»

«Addr2»

«Addr1»

«City», «St» «Zip»   «Country»

_____

_____

_____

_____

_____

**To participate in this Settlement, this Claim Form must be completed, including the IRS Form W-9 section below, must have your original signature, and must be postmarked by the U.S. Postal Service no later than _____.**

## GENERAL INFORMATION

If you are a current or former commissions-only frontline timeshare salesperson/sales agent and/or frontline timeshare "closer" who participated in selling timeshares for Starpoint Resort Group, Inc. ("Starpoint") and/or GeoHoliday Development, LLC (collectively "Defendants") at Starpoint's sales centers in Las Vegas, Nevada anytime between April 15, 2003 and December 31, 2010, you are a Class Member and may be eligible to receive a monetary award from the Settlement of this Action. Alternatively, you may have the right to receive a timeshare membership and/or transferable seven-day vacation certificate(s) at a resort, as detailed below, in lieu of taking a cash award.

**In order to receive money or a timeshare membership and/or vacation certificate(s) from the Settlement, you must complete this Claim Form, including all parts of the IRS Form W-9 section below; you must sign this Claim Form; and you must return the Claim Form containing your original signature by first-class mail, postmarked by the U.S. Postal Service no later than          [INSERT DATE]                to the following address:**

**Starpoint Settlement**
**c/o**
[INSERT INFO]

A return envelope is provided. If you fail to submit your Claim Form by that date, your claim will be rejected and you will not receive any money or any timeshare membership and/or vacation certificate(s) in connection with the Settlement. If you fail to submit a valid Claim Form and you also fail to exclude yourself from the Settlement through the procedure set forth in the Notice provided to you with this Claim Form you will be bound by the other provisions of the Settlement approved by the Court even though you will not receive any payment or any timeshare membership and/or vacation certificate from the Settlement. A Claim Form will be deemed submitted when sent by first class mail and postmarked by the U.S. Postal Service.

## CLAIM INFORMATION

You are considered a "Group B Class Member". A "Group B Class Member" is a class member who has more than 16 but less than 35 or more Weekly Service Credits as a commissions-only frontline timeshare salesperson/sales agent and/or frontline timeshare closer for Defendants at Starpoint's sales centers in Las Vegas, Nevada during the period from April 15, 2006 to December 31, 2010. Given the number of weeks that you served in such capacity (according to Starpoint's records) and taking into consideration any increase that applies if you previously filed a consent to join this litigation under the Fair Labor Standards Act as a member of the FLSA Subclass, your Weekly Service Credits for the above time period are _____. Based upon the anticipated minimum value of each Weekly Service Credit, it is estimated that the approximate minimum cash value of your claim under this Settlement is $_____.

Alternatively, in lieu of receiving the above cash award, as a "Group B Class Member" you have the right to receive two (2) transferable 7-day Vacation Certificates, subject to the procedures, terms, and conditions set forth below:

Vacation Certificates:

(a) Starpoint will provide an Original Vacation Certificate containing a unique identifying number for each Vacation Certificate to be issued.

(b) Only the Original Vacation Certificate may be redeemed through Starpoint for a one-time use of up to seven (7) consecutive nights, regardless of room rate, type of room, or the number of nights the room is actually occupied, at any of the following GeoHoliday Club resorts: Aquamarine Villas, Dover House, Havasu Dunes, Jockey Club, Lodge at Kingsbury Crossing, Palm Springs Tennis Club, Park Regency, Plaza Resort, San Diego Country Estates, Scottsdale Camelback Resort, Snow Lake Lodge. Original Vacation Certificates are exchangeable for room accommodations only. A person exchanging an Original Vacation Certificate is responsible for all expenses for transportation, entertainment, meals, taxes, housekeeping fees, and service charges associated with his/her travel to the resort or use of the resort's amenities and facilities and is also subject to all resort policies, rules, regulations, and restrictions.

(c) An Original Vacation Certificate is fully transferable to a natural person for purpose of exchanging the Certificate for his or her personal use of room accommodations, subject to all terms, conditions, and restrictions for exchanging such Vacation Certificates. Only the Original Vacation Certificate is transferable. An Original Vacation Certificate cannot be transferred to any business entity, and any such purported transfer shall be null and void.

(d) To exchange an Original Vacation Certificate for room accommodations, the Original Vacation Certificate holder must contact the designated Starpoint department and reserve a room no earlier than within sixty (60) days of the date of arrival. All reservations are final once confirmed by Starpoint. Once a reservation is confirmed, the Original Vacation Certificate holder must surrender the Original Vacation Certificate to Starpoint prior to the date of arrival. All reservations are based on availability. Only rooms that sleep six (6) or fewer qualify.

(e) An Original Vacation Certificate has no cash value and cannot be used to secure any debt or otherwise pledged as collateral.

(f) Each Original Vacation Certificate expires 24 months after date of issuance, and to use the Vacation Certificate, it must be exchanged such that the date of arrival takes place before it expires.

(g) You will be responsible for any income taxes you may owe in connection with receiving an Original Vacation Certificate.  Each Original Vacation Certificate is estimated to have a taxable value of $915.00. The total estimated taxable value of all Original Vacation Certificates you receive under this Settlement will be reported as income to you to the IRS and to you on an IRS 1099 form.

## <u>DECLARATION OF CLASS MEMBER</u>

1.    In exchange for a cash payment or Vacation Certificates under the Settlement Agreement, I, on behalf of myself and on behalf of all who claim by or through me or in my stead, hereby release Starpoint Resort Group, Inc. and Geoholiday Development, LLC all of their past or present officers, directors, shareholders, members, managers, supervisors, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and all of their respective successors and predecessors in interest, parents, subsidiaries, affiliates, and attorneys (the "Released Parties") from the "Released Claims."  For purposes of this Settlement, the "Released Claims" means all claims, demands, rights, liabilities, and causes of action that were or might have been asserted (whether in tort, contract, or otherwise) for violation of any state or federal law, including the Fair Labor Standards Act, 29 U.S.C. 201 et. seq., whether for economic damages, noneconomic damages, restitution, penalties, liquidated damages, punitive damages, interest or other monies arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that the Released Parties failed to pay or charged back any commission wages to which I was entitled, failed to reimburse me for business expenses, improperly classified me as exempt from overtime pay, failed to provide me all overtime wages due, failed to pay me minimum wage, failed to provide me timely or accurate paychecks, failed to provide me with meal or rest periods, failed to keep records properly concerning time I worked, and/or failed to properly or timely pay me any wages or commissions to which I was entitled, at any times on or before Final Approval of this Settlement, in connection with my work at Starpoint's sales centers in Las Vegas, Nevada. I have not assigned, pledged or otherwise transferred to any other person or entity my interest in any of the Released Claims.  Subject to and in accordance with the provisions of this Agreement, even if I may hereafter discover facts in addition to or different from those which I now know or believe to be true with respect to the subject matter of the Released Claims, I shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims.  This is true whether the Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or

hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  I agree that I will not make a claim against any of the Released Parties that is in any way related to the Released Claims.

2.     I have received the Notice of Class Action Settlement.  I submit this Claim Form under the terms of the proposed settlement described in the Notice.  I also submit to the jurisdiction of the United States District Court, District of Nevada with respect to my claim as a Class Member and for purposes of enforcing the release of claims stated in the Settlement Agreement on file with the Court and the Notice.  The full and precise terms of the proposed settlement are contained in the Settlement Agreement filed with the Court.  I further acknowledge that I am bound by the terms of any Judgment that may be entered in this class action.  I agree to furnish additional information to support this claim if required to do so.

YOU MUST CHOOSE WHETHER YOU WISH TO RECEIVE A CASH PAYMENT OR WHETHER YOU WISH TO RECEIVE TWO (2) TRANSFERABLE VACATION CERTIFICATES BY FILLING IN THE APPROPRIATE BOX BELOW.

☐   I wish to receive the cash payment in the amount set forth above.

☐   I wish to receive two (2) Vacation Certificates under the above terms and conditions.

**IF YOU SUBMIT A CLAIM FORM BUT FAIL TO CHECK ONE OF THE BOXES ABOVE, YOU WILL RECEIVE ONLY TWO (2) VACATION CERTIFICATES AND YOU WILL NOT RECEIVE A CASH PAYMENT.**

If I am the executor and/or heir of a Class Member or a representative of a Class Member, I have provided appropriate documentation about the capacity in which I am submitting this Claim Form on separate sheets attached.

I declare under penalty of perjury that the foregoing information is true and accurate, that I have read and understand the Notice that was mailed with this Claim Form, and agree to abide by the terms of the Notice and this Claim Form.

**In order to receive anything under this Settlement, you must complete the Taxpayer Identification Number Certification - IRS Substitute Form W-9 below, sign the Claim Form, and mail the Claim Form with you original signature postmarked by the U.S. Postal Service no later than              [DATE]                  to the Claim Administrator at the address provided on page 1 of this Claim Form.**

<div style="border:1px solid black">

### <u>Taxpayer Identification Number Certification - Substitute IRS Form W-9</u>

Enter your Social Security Number:   ☐ ☐ ☐ -- ☐ ☐ -- ☐ ☐ ☐ ☐

Under penalties of perjury, I certify that:

1.  The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); **and**

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3.  I am a U.S. person (including a U.S. resident alien).

Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

</div>

Dated:  _____         _____
                                                                      (Signature)

EXHIBIT "D"

## CLAIM FORM FOR "GROUP C CLASS MEMBERS"

## LEBER ET AL. V. STARPOINT RESORT GROUP, INC., ET AL.

Claim #: _____

Name/Address Changes (please enter only if applicable):

«First1» «Last1»

«CO»

«Addr2»

«Addr1»

«City», «St» «Zip»   «Country»

_____

_____

_____

_____

_____

**To participate in this Settlement, this Claim Form must be completed, including the IRS Form W-9 section below, must have your original signature, and must be postmarked by the U.S. Postal Service no later than _____.**

## GENERAL INFORMATION

If you are a current or former commissions-only frontline timeshare salesperson/sales agent and/or frontline timeshare "closer" who participated in selling timeshares for Starpoint Resort Group, Inc. ("Starpoint") and/or GeoHoliday Development, LLC (collectively "Defendants") at Starpoint's sales centers in Las Vegas, Nevada anytime between April 15, 2003 and December 31, 2010, you are a Class Member and may be eligible to receive a monetary award from the Settlement of this Action. Alternatively, you may have the right to receive a timeshare membership and/or transferable seven-day vacation certificate(s) at a resort, as detailed below, in lieu of taking a cash award.

**In order to receive money or a timeshare membership and/or vacation certificate(s) from the Settlement, you must complete this Claim Form, including all parts of the IRS Form W-9 section below; you must sign this Claim Form; and you must return the Claim Form containing your original signature by first-class mail, postmarked by the U.S. Postal Service no later than         [INSERT DATE]                to the following address:**

**Starpoint Settlement**
**c/o**
[INSERT INFO]

A return envelope is provided.  If you fail to submit your Claim Form by that date, your claim will be rejected and you will not receive any money or any timeshare membership and/or vacation certificate(s) in connection with the Settlement.  If you fail to submit a valid Claim Form and you also fail to exclude yourself from the Settlement through the procedure set forth in the Notice provided to you with this Claim Form you will be bound by the other provisions of the Settlement approved by the Court even though you will not receive any payment or any timeshare membership and/or vacation certificate from the Settlement.   A Claim Form will be deemed submitted when sent by first class mail and postmarked by the U.S. Postal Service.

## CLAIM INFORMATION

You are considered a "Group C Class Member". A "Group C Class Member" is a class member who has more than 3 but less than 17 or more Weekly Service Credits as a commissions-only frontline timeshare salesperson/sales agent and/or frontline timeshare closer for Defendants at Starpoint's sales centers in Las Vegas, Nevada during the period from April 15, 2006 to December 31, 2010. Given the number of weeks that you served in such capacity (according to Starpoint's records) and taking into consideration any increase that applies if you previously filed a consent to join this litigation under the Fair Labor Standards Act as a member of the FLSA Subclass, your Weekly Service Credits for the above time period are _____. Based upon the anticipated minimum value of each Weekly Service Credit, it is estimated that the approximate minimum cash value of your claim under this Settlement is $_____.

Alternatively, in lieu of receiving the above cash award, as a "Group C Class Member" you have the right to receive one (1) transferable 7-day Vacation Certificate, subject to the procedures, terms, and conditions set forth below:

Vacation Certificates:

(a) Starpoint will provide an Original Vacation Certificate containing a unique identifying number for each Vacation Certificate to be issued.

(b) Only the Original Vacation Certificate may be redeemed through Starpoint for a one-time use of up to seven (7) consecutive nights, regardless of room rate, type of room, or the number of nights the room is actually occupied, at any of the following GeoHoliday Club resorts: Aquamarine Villas, Dover House, Havasu Dunes, Jockey Club, Lodge at Kingsbury Crossing, Palm Springs Tennis Club, Park Regency, Plaza Resort, San Diego Country Estates, Scottsdale Camelback Resort, Snow Lake Lodge. Original Vacation Certificates are exchangeable for room accommodations only. A person exchanging an Original Vacation Certificate is responsible for all expenses for transportation, entertainment, meals, taxes, housekeeping fees, and service charges associated with his/her travel to the resort or use of the resort's amenities and facilities and is also subject to all resort policies, rules, regulations, and restrictions.

(c) An Original Vacation Certificate is fully transferable to a natural person for purpose of exchanging the Certificate for his or her personal use of room accommodations, subject to all terms, conditions, and restrictions for exchanging such Vacation Certificates. Only the Original Vacation Certificate is transferable. An Original Vacation Certificate cannot be transferred to any business entity, and any such purported transfer shall be null and void.

(d) To exchange an Original Vacation Certificate for room accommodations, the Original Vacation Certificate holder must contact the designated Starpoint department and reserve a room no earlier than within sixty (60) days of the date of arrival. All reservations are final once confirmed by Starpoint. Once a reservation is confirmed, the Original Vacation Certificate holder must surrender the Original Vacation Certificate to Starpoint prior to the date of arrival. All reservations are based on availability. Only rooms that sleep six (6) or fewer qualify.

(e) An Original Vacation Certificate has no cash value and cannot be used to secure any debt or otherwise pledged as collateral.

(f) Each Original Vacation Certificate expires 24 months after date of issuance, and to use the Vacation Certificate, it must be exchanged such that the date of arrival takes place before it expires.

(g) You will be responsible for any income taxes you may owe in connection with receiving an Original Vacation Certificate.  Each Original Vacation Certificate is estimated to have a taxable value of $915.00. The total estimated taxable value of all Original Vacation Certificates you receive under this Settlement will be reported as income to you to the IRS and to you on an IRS 1099 form.

## DECLARATION OF CLASS MEMBER

1.    In exchange for a cash payment or Vacation Certificate under the Settlement Agreement, I, on behalf of myself and on behalf of all who claim by or through me or in my stead, hereby release Starpoint Resort Group, Inc. and Geoholiday Development, LLC all of their past or present officers, directors, shareholders, members, managers, supervisors, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and all of their respective successors and predecessors in interest, parents, subsidiaries, affiliates, and attorneys (the "Released Parties") from the "Released Claims."  For purposes of this Settlement, the "Released Claims" means all claims, demands, rights, liabilities, and causes of action that were or might have been asserted (whether in tort, contract, or otherwise) for violation of any state or federal law, including the Fair Labor Standards Act, 29 U.S.C. 201 et. seq., whether for economic damages, noneconomic damages, restitution, penalties, liquidated damages, punitive damages, interest or other monies arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that the Released Parties failed to pay or charged back any commission wages to which I was entitled, failed to reimburse me for business expenses, improperly classified me as exempt from overtime pay, failed to provide me all overtime wages due, failed to pay me minimum wage, failed to provide me timely or accurate paychecks, failed to provide me with meal or rest periods, failed to keep records properly concerning time I worked, and/or failed to properly or timely pay me any wages or commissions to which I was entitled, at any times on or before Final Approval of this Settlement, in connection with my work at Starpoint's sales centers in Las Vegas, Nevada. I have not assigned, pledged or otherwise transferred to any other person or entity my interest in any of the Released Claims.  Subject to and in accordance with the provisions of this Agreement, even if I may hereafter discover facts in addition to or different from those which I now know or believe to be true with respect to the subject matter of the Released Claims, I shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims.   This is true whether the Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or

hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  I agree that I will not make a claim against any of the Released Parties that is in any way related to the Released Claims.

2.      I have received the Notice of Class Action Settlement.  I submit this Claim Form under the terms of the proposed settlement described in the Notice.  I also submit to the jurisdiction of the United States District Court, District of Nevada with respect to my claim as a Class Member and for purposes of enforcing the release of claims stated in the Settlement Agreement on file with the Court and the Notice.  The full and precise terms of the proposed settlement are contained in the Settlement Agreement filed with the Court.  I further acknowledge that I am bound by the terms of any Judgment that may be entered in this class action.  I agree to furnish additional information to support this claim if required to do so.

YOU MUST CHOOSE WHETHER YOU WISH TO RECEIVE A CASH PAYMENT <u>OR</u> WHETHER YOU WISH TO RECEIVE ONE (1) TRANSFERABLE VACATION CERTIFICATE BY FILLING IN THE APPROPRIATE BOX BELOW.

☐   I wish to receive the cash payment in the amount set forth above.

☐   I wish to receive one (1) Vacation Certificate under the above terms and conditions.

**IF YOU SUBMIT A CLAIM FORM BUT FAIL TO CHECK ONE OF THE BOXES ABOVE, YOU WILL RECEIVE ONLY ONE (1) VACATION CERTIFICATE AND YOU WILL NOT RECEIVE A CASH PAYMENT.**

If I am the executor and/or heir of a Class Member or a representative of a Class Member, I have provided appropriate documentation about the capacity in which I am submitting this Claim Form on separate sheets attached.

I declare under penalty of perjury that the foregoing information is true and accurate, that I have read and understand the Notice that was mailed with this Claim Form, and agree to abide by the terms of the Notice and this Claim Form.

**In order to receive anything under this Settlement, you must complete the Taxpayer Identification Number Certification - IRS Substitute Form W-9 below, sign the Claim Form, and mail the Claim Form with you original signature postmarked by the U.S. Postal Service no later than              [DATE]                 to the Claim Administrator at the address provided on page 1 of this Claim Form.**

---

### **Taxpayer Identification Number Certification - Substitute IRS Form W-9**

Enter your Social Security Number:   ☐ ☐ ☐ -- ☐ ☐ -- ☐ ☐ ☐ ☐

Under penalties of perjury, I certify that:

1.  The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); **and**

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3.  I am a U.S. person (including a U.S. resident alien).

Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

---

Dated: _____                    _____
                                                                (Signature)

EXHIBIT "E"

## CLAIM FORM FOR "GROUP D CLASS MEMBERS"

## LEBER ET AL. V. STARPOINT RESORT GROUP, INC., ET AL.

Claim #: _____

Name/Address Changes (please enter only if applicable):

«First1» «Last1»

«CO»

«Addr2»

«Addr1»

«City», «St» «Zip»   «Country»

**To participate in this Settlement, this Claim Form must be completed, including the IRS Form W-9 section below, must have your original signature, and must be postmarked by the U.S. Postal Service no later than _____.**

## GENERAL INFORMATION

If you are a current or former commissions-only frontline timeshare salesperson/sales agent and/or frontline timeshare "closer" who participated in selling timeshares for Starpoint Resort Group, Inc. ("Starpoint") and/or GeoHoliday Development, LLC (collectively "Defendants") at Starpoint's sales centers in Las Vegas, Nevada anytime between April 15, 2003 and December 31, 2010, you are a Class Member and may be eligible to receive a monetary award from the Settlement of this Action. Alternatively, you may have the right to receive a timeshare membership and/or transferable seven-day vacation certificate(s) at a resort, as detailed below, in lieu of taking a cash award.

**In order to receive money or a timeshare membership and/or vacation certificate(s) from the Settlement, you must complete this Claim Form, including all parts of the IRS Form W-9 section below; you must sign this Claim Form; and you must return the Claim Form containing your original signature by first-class mail, postmarked by the U.S. Postal Service no later than              [INSERT DATE]                to the following address:**

**Starpoint Settlement**
**c/o**
[INSERT INFO]

A return envelope is provided.  If you fail to submit your Claim Form by that date, your claim will be rejected and you will not receive any money or any timeshare membership and/or vacation certificate(s) in connection with the Settlement.  If you fail to submit a valid Claim Form and you also fail to exclude yourself from the Settlement through the procedure set forth in the Notice provided to you with this Claim Form you will be bound by the other provisions of the Settlement approved by the Court even though you will not receive any payment or any timeshare membership and/or vacation certificate from the Settlement.  A Claim Form will be deemed submitted when sent by first class mail and postmarked by the U.S. Postal Service.

## CLAIM INFORMATION

You are considered a "Group D Class Member".  A "Group D Class Member" is a class member who has less than 4 Weekly Service Credits as a commissions-only frontline timeshare salesperson/sales agent and/or frontline timeshare closer for Defendants at Starpoint's sales centers in Las Vegas, Nevada during the period from April 15, 2006 to December 31, 2010. Given the number of weeks that you served in such capacity (according to Starpoint's records) and taking into consideration any increase that applies if you previously filed a consent to join this litigation under the Fair Labor Standards Act as a member of the FLSA Subclass, your Weekly Service Credits for the above time period are _____.  Based upon the anticipated minimum value of each Weekly Service Credit, it is estimated that the approximate minimum cash value of your claim under this Settlement is $_____.

As a "Group D Class Member" you are not eligible to receive anything under this Settlement other than the approximate cash payment set forth above.

## DECLARATION OF CLASS MEMBER

1.    In exchange for a cash payment under the Settlement Agreement, I, on behalf of myself and on behalf of all who claim by or through me or in my stead, hereby release Starpoint Resort Group, Inc. and Geoholiday Development, LLC all of their past or present officers, directors, shareholders, members, managers, supervisors, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and all of their respective successors and predecessors in interest, parents, subsidiaries, affiliates, and attorneys (the "Released Parties") from the "Released Claims."  For purposes of this Settlement, the "Released Claims" means all claims, demands, rights, liabilities, and causes of action that were or might have been asserted (whether in tort, contract, or otherwise) for violation of any state or federal law, including the Fair Labor Standards Act, 29 U.S.C. 201 et. seq., whether for economic damages, noneconomic damages, restitution, penalties, liquidated damages, punitive damages, interest or other monies arising out of, relating to, or in connection with any facts, transactions, events, policies, occurrences, acts, disclosures, statements, omissions or failures to act, which are or could be the basis of claims that the Released Parties failed to pay or charged back any commission wages to which I was entitled, failed to reimburse me for business expenses, improperly classified me as exempt from overtime pay, failed to provide me all overtime wages due, failed to pay me minimum wage, failed to provide me timely or accurate paychecks, failed to provide me with meal or rest periods, failed to keep records properly concerning time I worked, and/or failed to properly or timely pay me any wages or commissions to which I was entitled, at any times on or before Final Approval of this Settlement, in connection with my work at Starpoint's sales centers in Las Vegas, Nevada. I have not assigned, pledged or otherwise transferred to any other person or entity my interest in any of the Released Claims. Subject to and in accordance with the provisions of this Agreement, even if I may hereafter discover facts in addition to or different from those which I now know or believe to be true with respect to the subject matter of the Released Claims, I shall be deemed to have and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all of the Released Claims.  This is true whether the Released Claims are known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with

or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  I agree that I will not make a claim against any of the Released Parties that is in any way related to the Released Claims.

2.    I have received the Notice of Class Action Settlement.  I submit this Claim Form under the terms of the proposed settlement described in the Notice.  I also submit to the jurisdiction of the United States District Court, District of Nevada with respect to my claim as a Class Member and for purposes of enforcing the release of claims stated in the Settlement Agreement on file with the Court and the Notice.  The full and precise terms of the proposed settlement are contained in the Settlement Agreement filed with the Court.  I further acknowledge that I am bound by the terms of any Judgment that may be entered in this class action.  I agree to furnish additional information to support this claim if required to do so.

If I am the executor and/or heir of a Class Member or a representative of a Class Member, I have provided appropriate documentation about the capacity in which I am submitting this Claim Form on separate sheets attached.

I declare under penalty of perjury that the foregoing information is true and accurate, that I have read and understand the Notice that was mailed with this Claim Form, and agree to abide by the terms of the Notice and this Claim Form.

**In order to receive anything under this Settlement, you must complete the Taxpayer Identification Number Certification - IRS Substitute Form W-9 below, sign the Claim Form, and mail the Claim Form with you original signature postmarked by the U.S. Postal Service no later than                    [DATE]                    to the Claim Administrator at the address provided on page 1 of this Claim Form.**

---

**Taxpayer Identification Number Certification - Substitute IRS Form W-9**

Enter your Social Security Number:   ☐ ☐ ☐ -- ☐ ☐ -- ☐ ☐ ☐ ☐

Under penalties of perjury, I certify that:

1.  The social security number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); **and**

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3.  I am a U.S. person (including a U.S. resident alien).

Note:  If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

**The IRS does not require your consent to any provision of this document other than this Form W-9 certification to avoid backup withholding.**

---

Dated: _____                    _____
                                                                                  (Signature)