Mark R. Thierman, NSB 8285
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, NV 89511
Telephone (775) 284-1500

Leon Greenberg, NSB 8094
A Professional Corporation
633 South 4th Street - Suite 4
Las Vegas, Nevada 89101
Telephone (702) 383-6085

Attorneys for Plaintiffs

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Anthony L. Martin, Esq.
Nevada Bar No. 8177
Wells Fargo Tower
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, Nevada  89169
Telephone:  (702) 369-6801
Facsimile:  (702) 369-6888

TAYLOR ENGLISH DUMA,LLP
Darren T. Horvath, Esq.
Georgia Bar No. 368205
Admitted *pro hac vice* (July 23, 2009)
1600 Parkwood Circle, Suite 400
Atlanta, Georgia 30339
Telephone: (770) 434-6868
Facsimile:  (770) 434-7376

Attorneys for Defendants

RICK BRUNTON and MICHAEL LEBER individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

STARPOINT RESORT GROUP, INC.  and GEOHOLIDAY DEVELOPMENT, LLC, and "John Does", name fictitious, actual name and number unknown,

        Defendants.

Case No.:  09-cv-01101-RLH-PAL

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

On June 23, 2011, the Court heard the Plaintiffs' *Unopposed Motion for an Order Granting Final Approval to Proposed Class Action Settlement* and accompanying declarations (Docket No. 62), as set forth in the Stipulation and Settlement Agreement of Claims ("Stipulation"). The Court has also considered the Supplemental Declaration of Abigail Schwartz of the Settlement Administrator Rust Consulting, Inc., filed with the Court on July 15, 2011. The Court finds and orders as follows:

1. For the purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation, which was previously filed with this Court on March 7, 2011 (Docket Nos. 58 and 58-1).

2. This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members in this litigation.

3. The Court finds that the distribution of the Notice of Class Action Settlement, which was carried out pursuant to the Stipulation, constituted the best notice practicable under the circumstances and fully met the requirements of due process.

4. The Court finds that none of the 542 Class Members has objected to the Settlement. Only one Class Member, Greig Cronister, has properly requested exclusion from the settlement and is not subject to any of the provisions of the settlement.

5. The Court finds that 171 Class Members submitted timely and valid claims and are Authorized Claimants, as defined in the Stipulation. Another 18 individuals submitted untimely and/or invalid claims, but the parties have requested, pursuant to paragraph 91 of the Stipulation, that these 18 claims be honored and be deemed timely and valid and that the Class Members making these claims be Authorized Claimants for all purposes related to this settlement. The parties' request is granted, and all 18 untimely and/or invalid claims identified by the Settlement Administrator are

hereby deemed to also be timely and valid claims and that the Class Members making these claims are deemed to be Authorized Claimants for all purposes related to this class action settlement, including for all purposes under the Stipulation, the Orders of this Court, and Final Judgment.

6. The total of 189 Class Members who have been found to have submitted valid claims represent approximately 35% of the Class Members and under the terms of the Stipulation collectively would be entitled to receive cash payments totaling $121,545.24, if they had all elected to receive a cash award. However, 11 of these 189 class members have elected to receive an Alternative Settlement Option in the form of ownership of a timeshare membership and/or vacation certificates for accommodations at a qualifying resort in lieu of their otherwise available cash payments, as provided for under the terms of the Stipulation. These 11 Class Members who have elected to receive an Alternative Settlement Option in lieu of a Cash Award have been or will be identified by the Settlement Administrator, so the applicable Alternative Settlement Option can be processed in accordance with the Stipulation.

7. The Court finds that the Stipulation was the product of protracted, arm's length negotiations between experienced counsel. After considering Defendants' potential exposure, the likelihood of success on the class claims, the risk, expense, complexity and delay associated with further litigation, the risk of maintaining class certification through trial, the experience and views of Plaintiffs' Counsel, and the reaction of the Class to the Settlement, as well as other relevant factors, the Court finds that the settlement, as set forth in the Stipulation, is fair, reasonable, and in the best interests of the Class.

8. As counsel for the Class, Mark Thierman of the Thierman Law Firm and Leon Greenberg of Leon Greenberg Professional Corporation, shall be paid a fees payment of $114,711.00 and a costs payment of $1,944.51 from the Settlement Fund for their services on behalf of the Plaintiffs and the Class. The two representative plaintiffs, Rick Brunton and Michael Leber, shall each receive a payment of $6,000 from the Settlement Fund to compensate them for their service on behalf of the Class and in settlement of their individual claims, such payments constituting their sole recoveries in this case as provided for in the Stipulation.

9. The Settlement Administrator, Rust Consulting, Inc. shall be paid from the Settlement Fund for their services rendered in administering the Settlement, in accordance with the Stipulation and as provided in this paragraph. Pursuant to the declaration of Caryn Donly, Senior Project Administrator, submitted to this Court, Rust Consulting's costs for administration of the settlement of this matter is $21,344.00. (Docket No. 62, Ex. B, Declaration of Caryn Donly, ¶ 15; Docket No. 67, Supplemental Declaration of Abigail Schwartz, ¶ 8). Payment of costs to Rust Consulting in that amount from the Settlement Fund is approved.

10. The Court has reviewed the *Declaration of Darren T. Horvath Regarding Service of CAFA Notices*, which was filed with the Court on May 31, 2011, and finds that Defendants have provided notice of the proposed class action settlement to the appropriate federal and state officials in accordance with all of the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715. No federal or state official has indicated any objection or opposition to the settlement. The Court further finds that all of the

CAFA Notices were delivered no later than April 25, 2011, and this Order granting final approval of the settlement has been issued more than 90 days after service of the CAFA Notice, in accordance with 28 U.S.C. § 1715(d).

11. The Court hereby grants final approval of the class action settlement, and the parties are ordered to carry out the settlement as provided in the Stipulation, except as otherwise modified by this Order. Thus, except as stated in this Order, all other terms of the settlement will remain as stated in the Stipulation and accompanying documents and the Orders of this Court. This Order is to take effect on July 27, 2011.

12. The Clerk of the Court is directed to enter a Final Judgment of dismissal on July 27, 2011, and the Complaint is hereby dismissed with prejudice as of July 27, 2011.

13. The Court will retain jurisdiction for purposes of enforcing this settlement, addressing settlement administration matters, and addressing such post-judgment matters as may be appropriate under court rules or applicable law.

IT IS SO ORDERED.

Dated: July 27, 2011

_____
Honorable Roger L. Hunt
UNITED STATES DISTRICT JUDGE